United States Court of Appeals,

Fifth Circuit.

No. 91-6010.

UNITED STATES of America, Plaintiff-Appellee,

v.

Ronnie GIPSON, Defendant-Appellant.

March 8, 1993.

Appeal from the United States District Court For the Southern District of Texas.

Before REYNALDO G. GARZA, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Defendant, Ronnie Gipson, was convicted of conspiracy to pass a counterfeit United States Treasury check, passing a counterfeit Treasury check, and disposing of United States property without authority, in violation of 18 U.S.C. §§ 371, 472, 641 (1988). He was sentenced to three years imprisonment and one year probation. Gipson filed a pro se habeas motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (1988), contending, *inter alia,* that he was denied his Sixth Amendment right to effective assistance of counsel when his attorney failed to inform him of the time limit for filing an appeal. After conducting an evidentiary hearing, the district court denied Gipson's motion, finding that Gipson waived his right to appeal. Gipson appeals. Finding error, we vacate and remand.

I

Immediately after receiving the jury verdict on June 26, 1986, Gipson met with his trial attorney, Will Outlaw, to discuss the possibility of an appeal. Outlaw asked Gipson if he wanted to file an appeal, to which Gipson replied, "Yes." After returning to his home in Austin, Gipson called Outlaw, at which time Outlaw explained that he would need an additional $1500 to pursue the appeal. Gipson told Outlaw that he did not have the money then, but would try to get the money together.

During these conversations, Outlaw did not inform Gipson of any filing deadlines.[1]

During sentencing on September 4, the trial judge advised Gipson of his right to appeal and his right to have a court-appointed attorney if he could not afford to hire one. Gipson did not ask for an attorney to represent him, or inform the trial judge of his financial situation.[2] Immediately after sentencing, Outlaw asked Gipson how he was coming along with getting his appeal money together. Gipson replied that he was "working on it" and would notify Outlaw as soon as he came up with the full amount. Neither Outlaw nor the trial judge informed Gipson that a notice of appeal had to be filed within 10 days of the date of entry of the judgment.[3]

Approximately two weeks after sentencing, Gipson called Outlaw to tell him that he had come up with $700, and asked if partial payment would be acceptable. Outlaw replied that the entire amount was payable in advance, as Gipson had not as yet paid the entire trial fee. Judgment was entered on September 23, and amended on October 17. No notice of appeal was filed.

On December 5, Gipson surrendered himself to the Federal Correctional Institute in Anthony, New Mexico. Gipson asserts that it was here that he first learned that his notice of appeal should have been filed within 10 days of entry of the judgment.

Gipson filed an amended 28 U.S.C. § 2255 motion with the district court.[4] Gipson argued

---

[1]"In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of (i) the judgment or order appealed from or (ii) a notice of appeal by the Government." Fed.R.App.P. 4(b).

[2]Gipson testified at the evidentiary hearing that he believed that he had an indefinite amount of time in which to file an appeal, and that his attorney would handle the appeal once Gipson raised the entire $1500. *See* Record on Appeal, vol. 16, at 20, 22.

[3]Fed.R.Crim.P. 32(a)(2) does not require courts to inform defendants of the time period in which to appeal. *See id.* ("After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal, including any right to appeal the sentence, and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis.").

[4]Gipson did not appeal his conviction and sentence, but originally filed a pro se motion to vacate sentence with the district court, pursuant to 28 U.S.C. § 2255. In his § 2255 motion, Gipson alleged, *inter alia,* that ineffective assistance of counsel caused him to lose his right to appeal. Gipson also requested permission to file a delayed notice of appeal, claiming that his counsel never informed him of the time period for requesting an appeal. Before a hearing was held on his § 2255 motion, the district court granted Gipson's motion to file a delayed notice of appeal. A notice of appeal was thereafter filed with this Court, and Gipson moved to withdraw

that his counsel's failure to inform him of time limits: (1) caused him to lose his right to appeal; and (2) constituted ineffective assistance of counsel. After conducting an evidentiary hearing, the district court denied Gipson's § 2255 motion, finding that Gipson was not denied his right to appeal due to his counsel's actions, but because Gipson "alone, failed to affirmatively protect his right[ ] [to appeal]."[5] Record on Appeal, vol. 1, at 408. Gipson appeals the denial of his motion, contending that his counsel's failure to inform him of the time period in which to file an appeal denied him effective assistance of counsel.

## II

The single issue before us is whether Gipson was denied effective assistance of counsel by his counsel's failure to inform him of the ten-day deadline for filing a notice of appeal, which Gipson alleges caused him to lose his right to appeal. In reviewing a denial of a § 2255 motion for habeas relief, the district court's findings of fact must be accepted unless clearly erroneous. *United States v. Casiano,* 929 F.2d 1046, 1051 (5th Cir.1991) (citing *Humphrey v. Lynaugh,* 861 F.2d 875, 876 (5th Cir.1988), *cert. denied,* 490 U.S. 1024, 109 S.Ct. 1755, 104 L.Ed.2d 191 (1989)). However, we review de novo questions of law. *Id.*

We examine claims of ineffective assistance of counsel to determine whether counsel's performance was both deficient and prejudicial to the petitioner. *Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). "To demonstrate deficiency, the petitioner must show that his counsel's actions "fell below an objective standard of reasonableness.' " *United States v. Smith,* 915 F.2d 959, 963 (5th Cir.1990) (quoting *Strickland,* 466 U.S. at 688, 104 S.Ct.

---

his § 2255 motion. We dismissed Gipson's appeal for lack of jurisdiction, stating that the district court had no authority to grant permission to file the delayed notice of appeal. The dismissal was ordered without prejudice to allow Gipson to refile his § 2255 motion.

[5]The district court did not make a finding on Gipson's ineffective assistance of counsel claim. Rather, the court only decided Gipson's claim that he was denied his right to appeal because of his attorney's failure to inform him of the 10-day filing period. However, because the claims are so intertwined, we will address his ineffective assistance of counsel claim, rather than remand for a finding. *See Dean v. Ford Motor Co.,* 885 F.2d 300, 308 (5th Cir.1989) (deciding, rather than remanding, claim not addressed by district court where claim was so intertwined with another claim upon which district court did make findings, that no need existed to remand for further proceedings).

at 2064).  In the context of the loss of appellate rights, prejudice occurs where a defendant relies upon his attorney's unprofessional errors, resulting in the denial of his right to appeal.  *See United States v. Green,* 882 F.2d 999, 1003 (5th Cir.1989) (holding that prejudice occurs where failure to file notice of appeal results from defendant's reliance on counsel's error);  *United States v. Hilliard,* 752 F.2d 578, 581 (11th Cir.1985) (holding that petitioner suffered no prejudice where counsel's failure to advise him of right to appeal did not result in him losing his right to appeal).  If a petitioner can prove that the ineffective assistance of counsel denied him the right to appeal, then he need not further establish—as a prerequisite to habeas relief—that he had some chance of success on appeal.  *Thor v. United States,* 574 F.2d 215, 221 (5th Cir.1978);  *see Childress v. Lynaugh,* 842 F.2d 768, 772 (5th Cir.1988) ("Prejudice resulting from the denial of a defendant's right to appeal is presumed because a criminal conviction can be attacked on numerous grounds and thus, given the likelihood of prejudice, a case-by-case inquiry is not worth the cost.").

In deciding an ineffectiveness claim, we "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066.  The following facts are undisputed.  After receiving the jury verdict, Gipson notified Outlaw of his desire to appeal his conviction.  *See* Record on Appeal, vol. 16, at 7.  When Outlaw stated that he needed an additional $1500 to pursue his appeal, Gipson informed him that he would try and get the money together.  *See id.* at 8.  After sentencing, but before judgment was entered, Gipson called his attorney to inquire whether partial payment would be sufficient.  His attorney merely replied that he required full payment.  *See id.* at 10-11.  At no time did Gipson's attorney (or the trial judge) notify Gipson that he had ten days to file an appeal after entry of the judgment.  Judgment was subsequently entered, and no appeal was filed.

Prevailing professional norms are relevant in determining whether an attorney's conduct was objectively reasonable.  *See Strickland,* 466 U.S. at 688, 104 S.Ct. at 2065.  The ABA standards for criminal justice provide:

> **Standard 4-8.2 Appeal**
>
> (a) After conviction, the lawyer should explain to the defendant the meaning and consequences of the court's judgment and defendant's right of appeal....

(b) The lawyer should take whatever steps are necessary to protect the defendant's right of appeal.

*ABA Standards Relating to the Administration of Criminal Justice,* § 4-8.2 (2d ed. 1979). Under this standard, we conclude that counsel's failure to inform Gipson of the time limit for filing an appeal was objectively unreasonable.

Time limitations can be a crucial element in a defendant's right of appeal. *See Lamb v. Estelle,* 667 F.2d 492, 496 (5th Cir.1982) ("[A]n indigent defendant is denied Sixth Amendment effective assistance of counsel when his court-appointed attorney fails to advise him of his right to appeal, of the procedure and *time limits involved,* and of his right to appointed counsel on appeal." (emphasis added) (citing *Lumpkin v. Smith,* 439 F.2d 1084 (5th Cir.1971))); *Martin v. State of Texas,* 694 F.2d 423, 424-25 (5th Cir.1982) (citing *Lumpkin* ); *Bonds v. Wainwright,* 579 F.2d 317, 319 (5th Cir.1978) (citing *Lumpkin* ). Notifying a defendant of the time limit for filing an appeal becomes especially significant where, as here, counsel indicates his interest in representing a defendant on appeal, on the condition that defendant raise the required fee at some unspecified time in the future. Such a defendant may be misled into believing that his attorney will be able to file an appeal for an indefinite period of time. Under such circumstances, an attorney who does not inform a defendant of the applicable time limitations fails to take those "steps ... necessary to protect the defendant's right of appeal."

As for the prejudice component, Gipson testified at the evidentiary hearing that had he known of the ten-day filing period, he would have stopped trying to raise Outlaw's required fee, and notified the trial court that he required a court-appointed attorney. *See* Record on Appeal, vol. 16, at 15. However, the government, relying on the district court's judgment, maintains that Gipson suffered no prejudice from Outlaw's error, because Gipson waived his right to appeal. The district court found that Gipson "alone, failed to affirmatively protect his rights," Record on Appeal, vol. 1, at 408, because prior to the entry of the judgment, Gipson: (1) knew he had the right to appeal; (2) knew he had the right to an appointed-attorney if he could not afford to hire one; (3) knew he did not have Outlaw's required fee; (4) knew that Outlaw would not represent him for less than full payment; and

yet (5) failed to inform the court of his financial situation or even his desire to file an appeal.[6] *See* Record on Appeal, vol. 1, at 408-09.

We ordinarily must accept a district court's finding of waiver unless it is clearly erroneous, as it constitutes a finding of fact. *See Meeks v. Cabana,* 845 F.2d 1319, 1323 (5th Cir.1988) ("The state court's finding of waiver ... involves a pure question of fact...."). However, we are not bound to accept the district court's finding of waiver if it was influenced by an incorrect view of the law. *See Zimmerman v. H.E. Butt Grocery, Co.,* 932 F.2d 469, 471 (5th Cir.) ("On appeal, a trial court's findings of fact must be accepted unless clearly erroneous or influenced by an incorrect view of the law."), *cert. denied,* --- U.S. ----, 112 S.Ct. 591, 116 L.Ed.2d 615 (1991). In concluding that Gipson waived his right to appeal, the district court relied upon the following authority: (1) *Mack v. Smith,* 659 F.2d 23 (5th Cir.1981); and (2) *Perez v. Wainwright,* 640 F.2d 596 (5th Cir.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1759, 72 L.Ed.2d 168 (1982). *See* Record on Appeal, vol. 1, at 408-09. However, these cases do not provide the proper standard for determining whether a defendant has waived his right to appeal. Rather, they stand for the propositions that where counsel misleads the defendant to believe that notice was filed, *see Mack,* 659 F.2d at 25, or counsel promises, but fails, to file a notice of appeal, *see Perez,* 640 F.2d at 599, a defendant is entitled to an out-of-time appeal. Thus, the district court's finding of waiver was influenced by an incorrect view of the law.

We decide, rather than remand, the question whether Gipson waived his right to appeal, because it is a question of law based upon the undisputed facts of this case. Waiver of the right to appeal "requires that there be knowledge of the right to appeal and a failure to make known the desire to exercise that right." *See Meeks,* 845 F.2d at 1322 (citing *Norris v. Wainwright,* 588 F.2d 130, 137 (5th Cir.) ("A defendant properly informed of his appellate rights may not "let the matter rest,' and then claim that he did not waive his right to appeal." (citation omitted)), *cert. denied,* 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979)). Gipson was informed of his right to appeal at sentencing. *See* Record on Appeal, vol. 15, at 31-32. However, it cannot be said that he also failed to make known

---

[6]The district court also found no evidence that Outlaw "told or hinted to the petitioner that he had an indefinite period of time to perfect an appeal." Record on Appeal, vol. 1, at 409.

his desire to exercise that right, as he informed his attorney immediately after the jury verdict of his desire to appeal. *See* Record on Appeal, vol. 16, at 7; *see also Meeks,* 845 F.2d at 1323 (upholding finding of waiver where defendant failed to inform his attorney of his desire to appeal); *Huff v. Wainwright,* 583 F.2d 744, 745 (5th Cir.1978) (same), *cert. denied,* 440 U.S. 963, 99 S.Ct. 1508, 59 L.Ed.2d 777 (1979). Because the record clearly indicates that Gipson informed his attorney of his desire to appeal, we conclude that no waiver occurred.[7] Therefore, Gipson satisfied the prejudice element of *Strickland. See Childress,* 842 F.2d at 772.

### III

For the foregoing reasons, we VACATE the judgment of the district court in denying Gipson's habeas motion, and REMAND for proceedings consistent with this opinion.

---

[7]We do not mean to suggest that a waiver can never exist where a defendant requests that his attorney file an appeal. For example, we have held that waiver can occur even if a defendant requests that his attorney file an appeal, and no appeal is filed, where the defendant does not rely on any error by counsel in losing the right to appeal. *See Green,* 882 F.2d at 1003. The instant case is distinguishable because here Gipson lost his right to appeal due to his attorney's error.