IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50023
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADAM SALAZAR,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. CA-93-SA-316 CR-91-SA-65
- - - - - - - - - -
(October 19, 1995)

Before KING, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

IT IS ORDERED that Adam Salazar's motion for leave to proceed in forma pauperis (IFP) on appeal is DENIED. Salazar has not shown that he will present a nonfrivolous issue on appeal. Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982). Because the appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2.

Salazar pleaded guilty to a one-count information charging him with possession of marijuana with intent to distribute. He

_____

[*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

was sentenced to 60 months imprisonment, three years supervised release, and a $50 special assessment.  Salazar filed a motion under 28 U.S.C. § 2255 alleging, inter alia, that his guilty plea was involuntary The district court denied relief and dismissed the motion.

The district court dismissed Salazar's claim that his guilty plea was involuntary because the district court did not inform him of the mandatory minimum sentence under the Sentencing Guidelines as procedurally barred.  On appeal Salazar argues the merits of the claim, but does not challenge the basis of the district court's dismissal.  Therefore, the procedural-default issue is abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (issues not properly raised or briefed are considered abandoned).

The district court denied Salazar's claim that his guilty plea was involuntary because he was suffering from a severe headache during the guilty plea on the merits.  The district court determined that there was insufficient evidence to establish that Salazar was suffering from a debilitating headache during the guilty plea hearing.  Salazar has not demonstrated that the district court's factual finding that he did not suffer from a headache is clearly erroneous, see United States v. Gipson, 985 F.2d 212, 214 (5th Cir. 1993), and he has not demonstrated that he was incompetent enter his guilty plea.  See Godinez v. Moran, 113 S. Ct. 2680, 2685-86 (1993).

Salazar does argue that the district court improperly listened to the audiotape of the guilty plea hearing because it

was not part of the record.  The magistrate judge granted the Government's motion to supplement the record with the audiotape, and Salazar did not appeal the order to the district court. Therefore, this court does not have jurisdiction to review the propriety of this order.  <u>See</u> <u>Colburn v. Bunge Towing, Inc.</u>, 883 F.2d 372, 379 (5th Cir. 1989).

IFP DENIED; appeal DISMISSED; motion for appointment of counsel DENIED.  <u>See</u> <u>Schwander v. Blackburn</u>, 750 F.2d 494, 502 (5th Cir. 1985).