**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-10131

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL FLORES OCHOA,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(4:96-CV-636-Y)

September 9, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Daniel Flores Ochoa appeals the district court's denial of his

motion to vacate, set aside, or correct his sentence pursuant to 28

U.S.C. § 2255.  We granted a certificate of appealability ("COA")

on the issue of whether the district court properly disposed of

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Flores's claim that he was denied effective assistance of appellate counsel. This issue hinges on whether the district court should have held a hearing to determine if Flores asked his counsel to file a direct appeal. We remand so that the district court can either hold such a hearing or explain why one is unnecessary.

I

The police arrested Flores and two codefendants after they arranged for an undercover officer to transport a large load of marijuana from Laredo to Dallas, took possession of the load, and placed it in a garage belonging to one of the codefendants. Police seized 314 pounds of marijuana from the garage. Subsequently, a federal grand jury charged Flores and the two codefendants with conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846 (count 1) and possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) (count 2).

As part of a plea agreement, Flores plead guilty to count 2. Flores's presentence report noted that he faced a statutory minimum of 60 months' imprisonment for that count, but that, under § 5C1.2 of the United States Sentencing Guidelines, he qualified under the "safety valve" provision of 18 U.S.C. § 3553(f). Under this provision, Flores could be sentenced without regard to the statutory minimum. As a result, the district court sentenced Flores to 50 months' imprisonment, a four-year term of supervised

-2-

release, and a $50 mandatory special assessment. Flores did not appeal.

A year later, Flores moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, alleging that he had been denied effective assistance of counsel because his lawyer, Paul Leech, failed to file a notice of appeal and neglected to seek downward departures under the safety valve provision and for Flores's mitigating role in the offense.

In its response to the motion, the government included an affidavit from Leech. Leech swore that Flores, after consulting with Flores's wife, informed Leech that Flores did not wish to appeal his sentence. Leech also testified that Flores had received the benefit of the safety valve provision, and that, in Leech's professional judgment, Leech had no reason to request that Flores be awarded a downward adjustment for having a mitigating role in the offense.

Flores replied with an affidavit from his common-law wife, Michelle De La Garza, stating that Flores and De La Garza decided that Flores should file a direct appeal and discussed that decision with Leech. De La Garza also averred in her affidavit that, after she and Flores discussed their decision to appeal with Leech, she believed that Leech would file such an appeal.

The district court denied Flores's § 2255 motion without a hearing and without making any specific findings of fact. The court merely noted that after reviewing Flores's motion, the

government's response, and Flores's reply, "the motion should be denied for the reasons stated in the government's response." After Flores appealed, we granted a COA limited to the issue of whether the district court properly disposed of Flores's claim that he was denied effective assistance of appellate counsel.

II

Flores contends that the district court erred in denying his § 2255 motion without a hearing, given the fact that there was conflicting evidence over whether Leech had rendered effective appellate assistance. In reviewing an order denying a § 2255 motion, we review a district court's legal conclusions *de novo* and its findings of fact for clear error. *United States v. Gipson*, 985 F.2d 212, 214 (5th Cir. 1993).

A criminal defendant has a Sixth Amendment right to effective assistance of counsel in his first appeal of right. *Evitts v. Lucey,* 469 U.S. 387, 387, 105 S. Ct. 830, 831, 83 L. Ed. 2d 821 (1985). An attorney's failure to file a direct criminal appeal despite the client's request that one be filed constitutes ineffective assistance of counsel. *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996). As long as a movant can show that he was denied the right to appeal due to ineffective assistance of counsel, he does not have to establish that such an appeal might have been successful. *Gipson*, 985 F.2d at 215. However, if the

defendant has been informed of his right to appeal and does not make known to his attorney his desire to pursue an appeal, he has waived that right and may not allege that his counsel provided ineffective assistance. *Id.* at 216.

Section 2255 states that

> [u]nless the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255 (emphasis added). With regard to § 2255 motions claiming ineffective assistance of counsel, we have directed district courts to use a two-step inquiry. *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979). First, the district court should examine the record in the case))as supplemented by the judge's "personal knowledge or recollection"))to determine if the record conclusively negates the facts asserted by the movant. *Id.* Second, the district court should decide whether the movant would be legally entitled to post-conviction relief if his factual allegations are true (at least those allegations not conclusively refuted by the record or the judge's personal knowledge or recollection). *Id.* If the district court resolves these two prongs in favor of the movant, "§ 2255 requires [it] to conduct an evidentiary hearing on those factual allegations which, if found to be true, would entitle the petitioner to post-conviction relief." *Id.*

The *Friedman* test will generally require the district court to conduct an evidentiary hearing when factual disputes exist between the affidavits submitted by the movant and the government. *May v. Collins*, 955 F.2d 299, 311 (5th Cir.) (citing *Machibroda v. United States*, 368 U.S. 487, 494, 82 S. Ct. 510, 513, 7 L. Ed. 2d 473 (1962)), *cert. denied*, 504 U.S. 901, 112 S. Ct. 1925, 118 L. Ed. 2d 533 (1992). The district court may, however, resolve issues of fact raised by conflicting affidavits by relying on other evidence in the record. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B Jan. 1981); *Owens v. United States*, 551 F.2d 1053, 1054 (5th Cir.), *cert. denied*, 434 U.S. 848, 98 S. Ct. 155, 54 L. Ed. 2d 115 (1977).

In this case, the district court did not refer to any personal knowledge or recollection as support in denying Flores's motion, nor did it mention any specific proof in the record. It simply adopted the arguments made in the government's response. Thus, the only evidence we have regarding whether Flores asked Leech to file a direct appeal consists of De La Garza and Leech's respective affidavits, and these affidavits plainly conflict. In her affidavit, for instance, De La Garza testified that she and Flores discussed their decision to file a direct appeal with Leech and that, afterwards, "it was my understanding that [Leech] would be filing the Appeal for" Flores. Conversely, in his affidavit, Leech swore that Flores and De La Garza decided against a direct appeal.

We discern no basis in the record for crediting Leech's affidavit over De La Garza's. Certainly, the record does not "conclusively negate" the facts alleged by Flores. Moreover, if Flores is correct that he told Leech to file a direct appeal and Leech failed to do so, then Flores is entitled to relief under § 2255.

Therefore, based on this record, we cannot say that "the motion and the files and records of the case conclusively show that [Flores] is entitled to no relief . . . ." Accordingly, we remand so that the district court can hold an evidentiary hearing on whether Flores asked his counsel to file a direct appeal or, alternatively, explain why such a hearing is unnecessary.

REMANDED WITH INSTRUCTIONS.