IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30606
Summary Calendar
_____

JORGE MARQUEZ-MEDINA,

Petitioner-Appellant,

versus

LYNN UNDERDOWN,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 97-CV-713-E

_____

May 5, 1999

Before GARWOOD, JOLLY and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jorge Marquez-Medina appeals the district court's judgment dismissing his application for a writ of habeas corpus. *See* 28 U.S.C. § 2241. The Immigration Judge denied Marquez's request for a waiver of excludability and adjustment of status (Marquez admits he is and was an excludable alien; he sought only discretionary relief). Marquez did not timely appeal the Immigration Judge's ruling to the

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Board of Immigration Appeals (BIA). Marquez's sole contention on this appeal is that he received ineffective assistance of counsel because his attorney failed to appeal the Immigration Judge's decision to the BIA.

The government asks that we dismiss this appeal on jurisdictional grounds. However, the jurisdictional arguments made and the authorities cited by the government in this respect all go to whether the district court had jurisdiction, not whether we have jurisdiction over Marquez's appeal from the district court's judgment denying him all relief. The district court granted in part and denied in part the government's motion to dismiss Marquez's habeas application for want of jurisdiction, and denied Marquez all relief. The government has filed no appeal or cross appeal whatever. Marquez is the sole appellant. Dismissal of Marquez's appeal for want of jurisdiction would leave the district court's judgment in effect, which is what we ultimately do anyway. Further, we have noted that, despite the AEDPA and the IIRIRA, "'criminal deportees retain some opportunity to apply for writs of habeas corpus.'" *Lerma de Garcia v. INS*, 141 F.2d 215, 216 (5th Cir. 1998).

We reject Marquez's appeal. There is no Sixth Amendment right to counsel in a deportation proceeding. *See Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993). "Nevertheless, the absence of an attorney may create a due process violation if the defect impinged upon the fundamental fairness of the hearing in violation of the fifth amendment, and there was substantial prejudice." *Id.; see Miranda-Lores v. INS*, 17 F.3d 84, 85 & n.1 (5th Cir. 1994). The district court held that Marquez could not show that he was

prejudiced because an appeal clearly would have been futile. Marquez does not contend that he would have prevailed on appeal. Instead, citing *United States v. Gipson*, 985 F.2d 212 (5th Cir. 1993), Marquez merely contends that the "loss of the right to appeal is prejudicial in and of itself [and] it is not necessary to consider whether or not the party would have prevailed on appeal." *Gipson* is a Sixth Amendment case. In the Fifth Amendment context, this Court has required a showing of actual prejudice. *See Miranda-Lores*, 17 F.3d at 85; *see also Patel v. INS*, 803 F.2d 804, 806-07 (5th Cir. 1986). Because Marquez has not shown that he was actually prejudiced by his attorney's failure to perfect an appeal to the BIA, he has not demonstrated any denial of due process, even if he, as an alien subject to exclusion, were due as much process as a lawfully admitted alien subject to deportation (a matter we need not and do not address).

Marquez's appeal demonstrates no reversible error in the district court's denial of any relief to him, and accordingly the district court's judgment is

AFFIRMED.