**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-50852

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LYNN DALE MOORING,

Petitioner-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas

(W-96-CA-423)

_____

June 7, 1999

Before WIENER and PARKER, Circuit Judges, and LAKE, District

Judge.[*]

PER CURIAM:[**]

Lynn Mooring ("Mooring"), federal inmate # 56290-080, appeals

the denial of his motion to vacate sentence filed pursuant to 28

U.S.C. § 2255.  We affirm.

_____

[*]District Judge for the Southern District of Texas, sitting by
designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

In 1992, Mooring pleaded guilty to possession of a listed chemical in violation of 21 U.S.C. § 841(d). Mooring's guideline sentence range was calculated at 360 months to life, but the maximum term of imprisonment under § 841(d) is ten years. Mooring therefore received a 120-month prison term. Although clearly advised of his right to appeal by the district court, Mooring filed no direct appeal.

In October 1996, Mooring filed the instant *pro se* § 2255 motion to vacate, claiming, *inter alia*, that his attorney performed ineffectively by failing to comply with his request that he file a notice of appeal.[1] The district court held a hearing on this issue, at which Mooring, Mooring's mother, Betty Elliot, and Mooring's trial attorney, Dick Kettler testified. The district court found that the testimony did not support Mooring's claim that he requested Kettler to file a notice of appeal, and that there was no specific discussion about a fee arrangement for Kettler to handle an appeal. The district court further found that Mooring expressed an interest in appeal, but Kettler advised against it because, in his professional judgment, Mooring could possibly get a higher sentence. Based on these findings, the district court concluded that Mooring had not been deprived of effective assistance of counsel.

On appeal from the denial of a § 2255 motion, this court

---

[1]Mooring made other claims which the district court denied. However, our grant of Certificate of Appealability was limited to his claim of ineffective assistance of counsel based on the failure to file a notice of appeal.

reviews the district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Guerra*, 94 F.3d 989, 992 (5th Cir. 1996).

Mooring contends in his first point of error that the district court erred in finding that Kettler was not ineffective for failing to file a notice of appeal. The district court's finding amounted to a determination that Mooring knowingly waived his right to appeal. "Waiver of the right to appeal 'requires that there be knowledge of the right to appeal and a failure to make known the desire to exercise that right.'" *United States v. Gipson*, 985 F.2d 212, 216 (5th Cir. 1993)(citation omitted). The trial court informed Mooring in open court, on the record, that he had the right to appeal and specifically that he was required to file a notice of appeal within 10 days. The district court's implicit finding that Mooring had knowledge of the right to appeal is not clearly erroneous.

There is no dispute that Kettler and Mooring discussed the possibility of an appeal after sentencing and that Kettler advised against pursuing an appeal. However, a factual dispute existed concerning whether or not Mooring made known his desire to exercise his right to appeal. Only Kettler and Mooring were privy to that discussion and there exists no record establishing what was said. The district court's fact finding that Mooring failed to make known his desire to appeal, based on live witness testimony and the concomitant credibility determinations, was not clearly erroneous. *See Gipson*, 985 F.2d at 216.

3

In his second point of error, Mooring contends that the district court erroneously relied on the fact that Mooring and Kettler had not discussed fees for an appeal because Mooring had the right to an appointed attorney if he was unable to afford one. The absence of a fee discussion was one factor, among several, that the district court considered in reaching the conclusion that Mooring had not requested Kettler to file an appeal. If Mooring had discussed an appellant fee arrangement with Kettler, it would have been some evidence that Mooring had communicated to Kettler his desire to appeal. *See Gipson*, 985 F.2d at 216-17 (considering fee discussion between attorney and appellant as one factor indicating that no waiver occurred); *see also United States v. Green*, 882 F.2d 999 (5th Cir. 1989)(considering fee discussion with attorney's associate, as well as other factors, in concluding that Green waived his right to appeal). We hold that the district court's consideration of the absence of an appellate fee arrangement in deciding the question of waiver was not error.

We therefore affirm the district court's denial of Mooring's § 2255 motion to vacate sentence.

AFFIRMED.