**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-60275
_____

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

versus

SIMEON COLEMAN,

        Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Mississippi
(3:97-CV-85-D)

---

September 14, 1999

Before DUHÉ, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Simeon Coleman, federal prisoner #24164-044, pled guilty to possession of crack cocaine with intent to distribute, *see* 21 U.S.C. § 841, and, over his objections, was sentenced by the district court. Coleman was represented before the district court by retained counsel, Laurel G. Weir. Neither Coleman, nor Weir on his behalf, filed a timely notice of appeal.

Subsequently, Coleman filed a motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255, alleging, *inter alia*, ineffective assistance of counsel based on Weir's failure to file an appeal of Coleman's sentence. The district court held an evidentiary hearing on that issue. After hearing testimony from both Coleman and Weir, the district court denied Coleman's motion. Coleman appealed the district court's denial of his motion under 28 U.S.C. § 2255 and received a certificate of appealability limited to the issue of his ineffective assistance of counsel claim.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To show ineffective assistance of counsel, Coleman must show that Weir's performance was both deficient and prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 692, 104 S. Ct. 2052, 2067, 80 L. Ed. 2d 674 (1984). To demonstrate that Weir's performance was deficient, Coleman must show that Weir's actions "fell below an objective standard of reasonableness." *Id.* at 688, 104 S. Ct. at 2064. To show prejudice, Coleman must show that his reliance on Weir's unprofessional errors resulted in the denial of his right to appeal. *See United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993).

It is not clear from the record whether the district court found that Weir had fulfilled his professional obligations or that Weir's actions met an objective standard of reasonableness. At the end of the evidentiary hearing, the district court only found that Coleman "never engaged or employed Mr. Weir to appeal his sentence," and that "[t]here was never an agreement or payment or any contractual relationship entered into by [*sic*] and between Mr. Coleman and Mr. Weir to perfect this appeal." Even though Coleman never retained Weir to appeal his sentence, Weir nonetheless must fulfill his professional obligations and act in an objectively reasonable manner. *See, e.g.*, *Gipson*, 985 F.2d at 215-16 (finding ineffective assistance because the attorney never informed the defendant of the time limits on his right to appeal, even though the defendant asked the attorney how much the attorney would charge to pursue the appeal and informed the attorney of his efforts to raise this money).

Accordingly, we VACATE the judgment of the district court denying Coleman's 28 U.S.C. § 2255 motion, and REMAND for further findings consistent with this opinion.