IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40697
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER ROBLEDO LUERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-96-CV-239
USDC No. B-91-cr-241-9
--------------------
March 31, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Javier Robledo Luera, federal prisoner # 58650-079, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. A COA may be issued only if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We review the district court's factual findings for clear error and its conclusions of law de novo. United States v. Placente, 81 F.3d 555, 558 (5th Cir.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1996). Ineffective-assistance-of-counsel claims involve mixed questions of law and fact and are thus subject to de novo review. Id.

Luera argued in his § 2255 motion that: (1) his criminal history score was calculated improperly; (2) the offense level adjustment for his role as a supervisor was not supported by the record or by a specific finding by the district court; (3) the denial of an adjustment for acceptance of responsibility was clearly erroneous; and (4) his counsel was ineffective for failing to object to these errors at sentencing and to challenge them on direct appeal. The district court held that Luera's waiver of his right to direct appeal was valid, and Luera has failed to show that this finding was clearly erroneous. See United States v. Gipson, 985 F.2d 212, 216 (5th Cir. 1993). His first three errors are therefore not cognizable in a § 2255 motion because they are nonconstitutional and could have been raised on direct appeal. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981). Luera's valid waiver of his right to appeal also bars his claim of ineffective assistance of counsel on appeal. Childs v. Collins, 995 F.2d 67, 69 (5th Cir. 1993). Luera's motion for a COA is DENIED with respect to these issues.

However, the district court failed to address Luera's claim that he was denied the effective assistance of counsel at sentencing. This court lacks jurisdiction to consider whether to grant or deny a COA regarding an issue that was not considered first by the district court. Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998). Accordingly, the motion for COA is

GRANTED, with respect to this issue, the district court's judgment is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.