IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11211
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELI TREVINO MUNGIA

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:98-CV-170
--------------------
November 30, 2000

Before SMITH, BENAVIDES, and DENNIS Circuit Judges.

PER CURIAM:[*]

On March 7, 1995, Eli Trevino Mungia, now federal prisoner
# 26371-077, was indicted on one count of conspiracy to interfere
with federally protected activities, three counts of interference
with federally protected activities, three counts of possession
of a firearm during and in relation to a crime of violence, and
one count of possession of an unregistered firearm.  The
indictment alleged that Mungia and his codefendants shared a
hatred of African-Americans and were attempting to force African-
Americans off of the streets of Lubbock, Texas, by driving
through the streets and shooting African-Americans with a short-

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

barreled shotgun. Mungia was found guilty by jury verdict on all counts. He was sentenced to a total of life plus 120 months' imprisonment and five years' supervised release. This court affirmed his conviction.

Mungia filed a "Motion to Reverse and Dismiss Conviction" in district court which was construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He argued generally that: (1) his conviction under 18 U.S.C. § 245 was invalid because the prosecution of his offense was not certified properly; (2) the Government's prosecution of him under § 245 violated the Tenth Amendment; and (3) his trial counsel was ineffective for failing to raise the aforementioned issues during his criminal proceedings. Mungia was appointed counsel to represent him in this matter. He then filed, through counsel, a supplemental § 2255 motion. After conducting an evidentiary hearing, the district court denied Mungia's motion. Mungia filed a timely notice of appeal and requested a certificate of appealability (COA). The district court denied his request for COA.

This court granted COA limited to the following issues: (1) whether the certification requirements of § 245(a)(1) are jurisdictional; and (2) whether the Government complied with the certification requirements of § 245(a)(1) prior to prosecuting Mungia under that statute.

DISCUSSION:

A defendant who has been convicted and has exhausted or has waived his right to appeal is presumed to have been "'fairly and finally convicted.'" United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991)(en banc)(citation omitted). "[A] 'collateral challenge may not do service for an appeal.'" Id. at 231 (citation omitted). Generally, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." Id. at 232 (citation omitted); but see Thor v. United States, 554 F.2d 759, 762 (5th Cir. 1977)("Jurisdictional defects are always subject to attack under section 2255, as that statute expressly states."). This procedural bar is not applicable in the instant case, however, because it was not invoked by the Government in district court. See United States v. Drobny, 955 F.2d 990, 995 (5th Cir. 1992)(procedural bar must be invoked). In reviewing the denial of a § 2255 motion, this court reviews the district court's factual findings for clear error and questions of law de novo. See United States v. Gipson, 985 F.2d 212, 214 (5th Cir. 1993).

Mungia argues that § 245's certification requirement was not met in the instant case. The district court found that: (1) the Associate Attorney General certified in writing that the prosecution of Mungia was in the public interest and necessary to secure substantial justice; (2) this certification was faxed to the U.S. Attorney in Lubbock, Texas, prior to Mungia's

indictment; and (3) this certification was not filed in the district court prior to Mungia's trial. The district court concluded that the certification requirement, as set forth in § 245(a)(1), had been met in Mungia's case.

The relevant portion of § 245 provides that:

No prosecution of any offense described in this section shall be undertaken by the United States except upon the certification in writing of the Attorney General, the Deputy Attorney General, the Associate Attorney General, or any Assistant Attorney General specially designated by the Attorney General that in his judgment a prosecution by the United States is in the public interest and necessary to secure substantial justice, which function of certification may not be delegated.

§ 245(a)(1). Mungia contends that the certification requirement in § 245 is very similar to the certification requirement in 18 U.S.C. § 5032 and should therefore be construed in an analogous manner. Section 5032 authorizes juvenile-delinquency proceedings in district court only if:

the Attorney General, after investigation, **certifies to the appropriate district court of the United States** that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony or an offense described in [various specified federal laws] and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.

If the Attorney General does not so certify, such juvenile shall be surrendered to the appropriate legal authorities of such State.

§ 5032 (emphasis added). Mungia argues that the written certification requirement in § 245(a)(1) implicitly mandates a supplementary notification requirement because written

certification authorizing prosecution under § 245 would be meaningless if the district court were not made aware of such certification.  He therefore concludes that proper certification under § 245(a)(1) requires that the written certification be filed in district court prior to arraignment.  In support of this argument, he notes that certification in a juvenile proceeding under § 5032 must be filed prior to arraignment.  See United States v. Cuomo, 525 F.2d 1285, 1289-90 (5th Cir. 1976).

Section 5032, however, explicitly requires the Attorney General to certify "to the appropriate district court" that the requisite factors are present.  Because § 245(a)(1) does not contain any analogous language, there is no statutory requirement that the certification be filed with the district court. Because the plain language of the statute is clear, "'the sole function of the courts is to enforce it according to its terms.'" United States v. Ron Pair Enter., Inc., 489 U.S. 235, 241 (1989)(citation omitted).  The government complied with the plain language of § 245(a)(1) by securing a certification before commencing the case.  Thus, the certification requirement was met in the instant case.

Mungia also argues that the certification requirement in § 245 must be met before this Court may properly exercise subject matter jurisdiction. Because the government properly complied with the statutory requirements under § 245, it is not necessary for us to determine whether proper certification is indeed necessary for subject matter jurisdiction.

Lastly, Mungia moves this Court for disclosure of his sealed presentence report to his counsel in order to search for possible issues relevant to the recent Supreme Court's decision in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000).  This motion is denied because any possible Apprendi issue is not relevant to the issues involved in the instant appeal.

Accordingly, the decision of the district court is AFFIRMED.