# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

―――――――――――

m 99-60706

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MARLON JOHNSON,

Defendant-Appellant.

―――――――――――――――

Appeal from the United States District Court
for the Southern District of Mississippi
(1:97-CV-571-PG)

―――――――――――――――

December 7, 2000

Before POLITZ, SMITH, and PARKER,
  Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

  In his motion filed pursuant to 28 U.S.C.
§ 2255, Marlon Johnson asserts ineffective as-

sistance of counsel. Concluding that the district court should have held an evidentiary hearing to determine whether Johnson had requested that his attorney file a direct appeal challenging the voluntariness of his guilty plea, we remand for an inquiry into that limited issue.

## I.

  Johnson pleaded guilty of conspiracy to possess with intent to distribute cocaine and conspiracy to intimidate a witness. Pursuant to a plea agreement, he waived the right to appeal his sentence and the right to contest it

  [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

collaterally.[1] The district court accepted the plea and imposed sentence.

Johnson then filed the instant § 2255 motion, alleging that his counsel was ineffective in that he had failed to (1) argue diligently that Johnson should receive a three-point reduction for acceptance of responsibility; (2) file a notice of appeal as requested; and (3) challenge the use, for enhancement, of a prior state conviction that was allegedly constitutionally infirm. Johnson also argued that the court had failed to inquire as to the validity of the prior conviction used for enhancement.

The magistrate judge issued a report and recommendation that the motion be denied, to which Johnson timely filed objections. The district court adopted the report and denied Johnson's § 2255 motion.

Johnson filed a motion for a certificate of appealability ("COA") without first having filed a notice of appeal. This was a non-fatal procedural misstep, for the court construed the COA as a notice of appeal, then determined that a COA should not issue. This court then granted Johnson's motion for a COA on the issue of whether counsel was ineffective for failing to file a direct appeal as requested.

## II.
## A.

Johnson and the government have taken turns confusing the issue of whether Johnson challenges his sentence or his guilty plea.[2] We proceed in the only manner open to us and consider whether Johnson's counsel was ineffective by not appealing the acceptance of the guilty plea.[3] There are no non-frivolous grounds on which Johnson can challenge his knowing and voluntary waiver of the right to appeal his sentence. We review mixed questions of fact and law, such as ineffective-assistance-of-counsel claims, *de novo*. *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994).

## B.

Guilty pleas that are final carry more weight than does a mere confession; they are an admission that the defendant committed the crime of which he was accused. *See United States v. Broce*, 488 U.S. 563 (1989). Courts

---

[1] The memorandum of understanding, signed by Johnson and explained by the district court, stated that Johnson "expressly waives the right to appeal the sentence imposed in this case, or the manner in which that sentence is imposed, on the grounds set forth in Section 3742, or on any ground whatsoever, including double jeopardy and/or excessive fines, and expressly waives the right to contest the sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code."

[2] The government's brief asserts that he "concedes that it is his sentence that he wishes to appeal, and not the plea." This misleading statement is based on language in Johnson's statement of the case. A truer characterization of the claim on appeal is that language regarding his sentence predominates Johnson's brief, although at one point he alleges he was not aware of any "plea waiver."

[3] In granting a COA, we specifically rejected Johnson's request to grant a COA on the issue of whether the court erred in holding that Johnson waived his right to argue that his counsel was ineffective in failing to (1) challenge the sentence or (2) argue for a three-point reduction in the offense level. We also rejected, for want of jurisdiction, the allegation that the government had breached the plea agreement.

2

should proceed cautiously when a defendant seeks to reopen a guilty plea that has become final; "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *Id.* at 569.[4]

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). To show *Washington* prejudice, a defendant must demonstrate that counsel's errors were so serious as to "render[] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

"Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* In evaluating such claims, we indulge in "a strong presumption" that counsel's representation fell "within the wide range of reasonable professional competence, or that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988) (citation omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct

the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Washington*, 466 U.S. at 689. A failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

In the noncapital context, the *Washington* standard has been held to involve the review of several factors. *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993).

> [I]n deciding such an ineffectiveness claim, a court must determine whether there is a reasonable probability that but for trial counsel's errors the defendant's noncapital sentence would have been *significantly* less harsh. In deciding whether such prejudice occurred, a court should consider a number of factors: the actual amount of the sentence imposed on the defendant by the sentencing judge or jury; the minimum and maximum sentences possible under the relevant statute or sentencing guidelines, the relative placement of the sentence actually imposed within the range, and the various relevant mitigating and aggravating factors that were properly considered by the sentencer.

*Id.* at 88-89 (footnote omitted).

Johnson's claim is that counsel failed to put forward *any* effort with regard to the requested appeal. Such a complete lack of effort, if true, is likely to result in *Washington* prejudice. The failure of counsel to perfect an appeal on request, or failure to advise the client of his right to appeal and the time limits involved may constitute ineffective assistance, entitles the defendant to an out-of-time appeal.

---

4 Johnson's allegations are not precise as to whether he challenges that he was not counseled or, instead, that his plea was involuntary. This is an issue the district court should explore on remand. Ultimately to succeed, Johnson will have to prove that his guilty plea was flawed, not just that he requested an appeal.

3

*See United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993). In *Roe v. Flores-Ortega*, 528 U.S. 470, ___, ___-___, 120 S. Ct. 1029, 1035, 1038-40 (2000), the Court addressed an ineffective assistance of counsel claim in the context Johnson presents here, holding that *Washington* provides the proper framework for evaluating a claim that counsel was ineffective for failing to file a notice of appeal.[5]

The district court determined that Johnson had waived his right to appeal, and, therefore, counsel was not ineffective for failing to file an appeal. This was error. The plain language of the plea shows that Johnson only waived the right to appeal his sentence; it does not mention a wavier of the right to appeal the conviction based on his guilty plea. If Johnson's allegation is true that he asked counsel to file a direct appeal of the conviction, and counsel did not do so, prejudice is presumed. *See Penson*, 488 U.S. at 88-89.

The record does not shed any light on Johnson's alleged request that counsel file a direct appeal or on any response or action on the part of his attorney. Nor does the record conclusively show that Johnson is not entitled to relief. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). Johnson 's allegation that he asked his counsel to file a

direct appeal[6] triggered an obligation to hold an evidentiary hearing. *See Mack v. Smith*, 659 F.2d 23 (Former 5th Cir. Oct. 1981); *see also Chapman v. United States*, 469 F.2d 634, 636 (5th Cir. 1972). We remand for such a hearing, which is not to be an additional forum for Johnson to raise any issues he has managed to waive.[7] The sole question on remand is whether Johnson requested that his attorney file a direct appeal challenging the guilty plea and, if so, whether the attorney failed to file the appeal.

The judgment of conviction is VACATED and REMANDED for further proceedings.

---

[5] *Flores-Ortega* alters this court's jurisprudence, which had provided that a *Washington* analysis is not to be performed where there has been actual or constructive complete denial of any assistance of appellate counsel. *See, e.g., Sharp v. Puckett*, 930 F.2d 450, 451-52 (5th Cir. 1991) (*citing Penson v. Ohio*, 488 U.S. 75 (1988)); *Gipson*, 985 F.2d at 215 (§ 2255 case).

[6] Johnson alleges that after the sentencing hearing, he asked counsel to file a direct appeal, and counsel agreed to do so and stated that the matter would be discussed later. Johnson also alleges that he attempted to contact his attorney during the ten days after sentencing but was unsuccessful, learning only seven months later that an appeal had not been filed. He argues that if he had known that counsel had not file a direct appeal, he would have filed a *pro se* notice of appeal.

[7] The district court should be impatient with any attempt to discuss (1) the breach of the plea agreement, (2) any challenge to the sentence, (3) the use of the uncounseled misdemeanor, or (4) an ineffective assistance of counsel claim relating to the waiver of Johnson's right to appeal his sentence.