IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2009

Charles R. Fulbruge III
Clerk

No. 07-30798
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellant

v.

EDDIE NELSON RUIZ, also known as Salvador Araiza

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:06-CV-1384
USDC No. 3:04-CR-30057-1

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Eddie Nelson Ruiz, federal prisoner # 12555-035, was convicted of one charge of possession of methamphetamine with intent to distribute and was sentenced to serve 146 months in prison. Ruiz filed a 28 U.S.C. § 2255 motion to challenge this conviction and sentence, and the district court denied his motion after holding an evidentiary hearing. The district court then granted Ruiz a certificate of appealability on the issue "whether [he] was denied the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

effective assistance of counsel in violation of the Sixth Amendment as a result of his counsel's failure to inform him fully of his appellate rights and to file a notice of appeal from his conviction and sentence." This appeal ensued. Ruiz argues that counsel should have filed a notice of appeal on his behalf or advised him of the procedures for filing a pro se notice of appeal and requesting appointed counsel because his correspondence to counsel reasonably expressed his desire to appeal his conviction and sentence.

When analyzing the district court's denial of a § 2255 motion, this court reviews the district court's factual findings for clear error and its conclusions of law de novo. United States v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005). To demonstrate ineffective assistance of counsel based on a claim that counsel failed to file a notice of appeal, the movant must show that counsel performed deficiently and that a reasonable probability exists that, but for counsel's deficient conduct, the defendant would have timely appealed. Roe v. Flores-Ortega, 528 U.S. 470, 476-77, 484, 486 (2000). Counsel's performance is deficient if counsel disregards his client's wishes concerning filing an appeal or if counsel fails to consult with the client on the matter when counsel has a constitutionally imposed duty to do so. Id. at 477-78.

Ruiz has failed to shoulder his burden of "prov[ing] that the ineffective assistance of counsel denied him the right to appeal." See United States v. Gipson, 985 F.2d 212, 215 (5th Cir. 1993). The record evidence supports the district court's rejection of Ruiz's claim that counsel infringed his appellate rights by neither filing a notice of appeal on his behalf nor fully informing him of the process for taking an appeal. This evidence shows that Ruiz did not request that counsel pursue an appeal until after the time for appealing had expired. The evidence likewise shows that counsel fulfilled his duty to consult with Ruiz concerning an appeal.

Ruiz has shown no error in connection with the district court's rejection of his claim that counsel rendered ineffective assistance with respect to filing a

notice of appeal and consulting with him concerning his appellate rights. Consequently, the judgment of the district court is AFFIRMED.