**Andrew MEEKS, Petitioner-Appellant,**

**v.**

**Donald A. CABANA, Superintendent, Mississippi Dept. of Corrections, Respondent-Appellee.**

**No. 87–4786**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 31, 1988.

---

Andrew Meeks, pro se.

Donald G. Barlow, William S. Boyd, III, Asst. Attys. Gen., Jackson, Miss., for Cabana.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

CLARK, Chief Judge:

Andrew Meeks appeals the dismissal of his habeas corpus petition. Meeks argues that he was denied the right to appeal his conviction and sentence. In his brief to this court, Meeks also urges for the first time that his failure to file a timely direct appeal to the Mississippi Supreme Court was due to ineffective assistance of counsel. Because we find that Meeks waived his right to appeal, we affirm the dismissal of his petition.

## I. Facts

A jury convicted co-defendants, Andrew Meeks and J.C. Moore of armed robbery. Although both defendants received life sentences, neither filed a timely direct appeal. Meeks and Moore eventually did file motions for out-of-time appeals with the Mississippi Supreme Court which were remanded to the original trial court with directions to make designated factual determinations. After conducting an evidentiary hearing, the trial court found that both Meeks and Moore had waived their rights to appeal and their motions for out of time appeals were denied.

Meeks and Moore then filed separate federal habeas corpus petitions which were consolidated by the district court. The district court adopted the findings of the federal magistrate which recommended dismissal of both petitions. The magistrate, according the state trial court's collateral findings the "presumption of correctness" found in 28 U.S.C.A. § 2254(d), held that Meeks and Moore had waived their rights to direct appeals and dismissed their habeas corpus petitions.

On appeal, Meeks argues that the district court should not have applied the section 2254(d) presumption and that the district court should have held an evidentiary hearing.

## II. State Court Evidentiary Hearing

At the evidentiary hearing, the state trial court considered the testimony of Meeks and his court appointed attorney, Donald W. Bond. Meeks testified that he expected Bond to appeal his case and that the two of them never discussed the possibility of an appeal. Meeks did admit, however, that after his conviction the court fully in-

formed him of his right to appeal.[1]

Bond testified that he discussed the possibility of an appeal with Meeks on two occasions.

Immediately after the trial, after the jury had found he and Mr. Moore guilty, we went back to one of the witness rooms, I believe it's the one on the right, and Mr. Meeks and I and Mr. Moore and Mr. Bailey,[2] we discussed the trial, the fact that they had been found guilty. We talked about what would happen next, the procedure that would occur next. We talked about the fact that they had a right to appeal. We talked about what would have to be done for them to appeal the case. I told Mr. Meeks at that point that he didn't have to let me know right then whether he wanted an appeal or not, but his statement to me was that, "I want to start serving my time and get this thing over with." I told him again that I didn't want him—he didn't have to let me know right then because I had to file a motion for a new trial; that I didn't expect that he would get a new trial; that he would have to go to the Supreme Court to get this conviction reversed, but that I would be over in a few days and visit him in jail and we would discuss this thing further. That, in essence, is the summary of the conversation that we had in the witness room immediately after the trial.

Bond also testified that he did go to the county jail to discuss the possibility of an appeal with Meeks.

I went to the Carroll County jail some few days later. I went into the cell with Mr. Meeks. We had a conversation there. Again, we talked about what all had happened, what he needed to do if he wanted to appeal his case; that all he had to do was just tell me he wanted to appeal it, and I would have taken the legal steps for him. Again, his sentence was, and I don't know why, but he just said that he didn't want an appeal, that he wanted to go ahead and start serving his time and get it over with. And, of course, I did not file an appeal for him because of what he had told me.

Meeks denied that the first meeting ever occurred. Meeks did admit that Bond met with him at the jail. Although Meeks could not recall the subject matter of this meeting he testified that it did not concern the possibility of an appeal.

The trial judge, acknowledging the conflict in the testimony, found that

Petitioner Meeks was advised of his rights to appeal; that he exercised his right to waive his right to appeal; that after he had been incarcerated in the Mississippi State Penitentiary, and after the time for appeal had passed, he changed his mind, and that that is the basis for his petitioning for an appeal out of time.

This Court on this hearing determines that Andrew Meeks was not denied an appeal, through no fault of his own, but that he waived his right of appeal as he was entitled to; and the Court having so found, further finds that it is not necessary for this Court on this hearing to conduct an indigency hearing.

### III. Presumption of Correctness and Procedural Default

#### A. Statutory Exceptions to the Presumption of Correctness

Section 2254(d) provides:

---

1. The trial court made the following statement at the conclusion of the trial:

   Mr. Meeks and Mr. Moore, a jury of your fellow Carroll Countians have found you guilty of the charge of Armed Robbery. It is my duty to advise you—you both have appointed counsel—it is my duty to advise you that you have a right to appeal your conviction and sentence of the Court in this case. If you are not able to employ counsel for that purpose, counsel will be appointed for you. I will retain the services of Mr. Bailey and Mr. Bond for their respective clients until you have had an opportunity, at least, to explain to them their rights on appeal, and the necessary steps in obtaining—in perfecting an appeal, and attend to that matter for them. You may, after you confer with your clients, determine whether they wish to appeal or not, and, if so, take the proper steps for them to do so. I will sign an order retaining jurisdiction of this cause until January 15, 1982, for the presentation of such matters, motions and otherwise, you may wish to make.

2. The court had appointed Bailey to represent Moore.

[A] determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding . . . and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear . . .

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing; [or]

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding. . . .

28 U.S.C.A. § 2254(d) (1982). Meeks contends that the three above enumerated statutory exceptions preclude extension of the presumption of correctness to the state court findings based on the evidentiary hearing. In support of his invocation of these statutory exceptions, Meeks argues that he could not properly present his case because he was unrepresented and that the State court did not consider the likelihood of his success on the merits if granted an out-of-time appeal.

We begin our reasoning by noting that this circuit has long held that the state need not appoint counsel for indigent defendants in all post-conviction and collateral proceedings. *Norris v. Wainwright,* 588 F.2d 130, 133 (5th Cir.), *cert. denied,* 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979). Lack of counsel at the state court evidentiary hearing did not compromise the fairness of the hearing. The hearing was held to consider a narrow question—the reason why Meeks had not filed a timely direct appeal of his conviction. The two most important witnesses, Meeks and his attorney, both appeared before the judge who presided over Meeks' criminal trial.

■ The court offered Meeks the opportunity to call witnesses. Meeks stated that he knew of a witness who might be available to testify, but that he did not know the man's name or address. The trial judge stated that it did not appear from the record that Meeks had been afforded an adequate opportunity to summon witnesses. At the request of the prosecuting attorney, the judge inquired into the proposed testimony of the witness identified by Meeks. Meeks stated that the witness would testify that Meeks had the right to an appeal. Meeks admitted, however, that this witness had only been present at the trial, and had not been present during any conversations with Meeks' attorney. The trial judge ruled that the proposed witness "would not be material in any way." These circumstances make it clear that the absence of counsel in no way compromised the fairness of the evidentiary hearing. Moreover, we fail to see how the likelihood of success on the merits of a direct appeal by Meeks is relevant to whether he knew of his right to appeal. We conclude that the state court factfinding procedure adequately developed the material facts and afforded Meeks, both procedurally and in substance, a full and fair hearing on the question of waiver. For these same reasons, the district court was not required to conduct a separate evidentiary hearing before dismissing Meeks' habeas corpus petition. *See Townsend v. Sain,* 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963); *Davis v. Blackburn,* 789 F.2d 350, 352 (5th Cir.1986).

#### B. Waiver as a Question of Fact

■ Meeks argues that the section 2254(a) presumption of correctness should not apply to the state court's determination that he waived his right to appeal because the question of waiver involves a mixed question of fact and law. We disagree. Waiver of a constitutional right ordinarily requires that there be voluntary and intelligent waiver of a known right. *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Waiver of the right to appeal, however, merely requires that there be knowledge of the right to appeal and a failure to make known the desire to exercise that right. *Norris,* 588 F.2d at 135–37; *see also Huff v. Wainwright,* 583 F.2d 744, 745 (5th Cir.1978),

cert. denied, 440 U.S. 963, 99 S.Ct. 1508, 59 L.Ed.2d 777 (1979); *Loter v. Estelle,* 546 F.2d 151, 152–53 (5th Cir.), *cert. denied,* 434 U.S. 846, 98 S.Ct. 150, 54 L.Ed.2d 112 (1977). The state court's finding of waiver therefore involves a pure question of fact that is entitled to the presumption of correctness. *Compare Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985) (facts surrounding confession subject to presumption of correctness but ultimate question of voluntariness is subject to plenary review).

The state court found that Meeks knew of his right to appeal and did not communicate the desire to exercise this right to his attorney. The record unequivocally reflects that immediately after conviction the district court informed Meeks of his right to appeal and his right to appointed counsel. *See Norris,* 588 F.2d at 135. The testimony of Meeks and Bond directly conflicted. The state court, as fact finder, decided to believe Bond and disbelieve Meeks. Bond testified that he twice explained to Meeks the possibility of appeal but that on both occasions Meeks expressed a desire to begin serving his sentence without filing an appeal. The district court properly applied the presumption of correctness and the state court's findings are fairly supported by the record.

### C. Procedural Default and Ineffective Assistance of Counsels

■ Any claim of ineffective assistance of counsel also fails. As a matter of fact supported by the record, the state court found that Meeks' counsel provided the assistance required by the Sixth Amendment as made applicable to the states. Meeks was informed of his right to appeal and his right to appointed counsel. *See Martin v. Texas,* 737 F.2d 460, 462 (5th Cir.1984); *Lumpkin v. Smith,* 439 F.2d 1084, 1085 (5th Cir.1971). Moreover, the district court properly found that Meeks' failure to file a direct appeal constituted a procedural default effecting a waiver of his substantive habeas corpus claims. Having found that the failure to file a direct appeal was not the fault of counsel, but due to his decision to waive the right to appeal, Meeks has not

shown cause for his procedural default as required by *Wainwright v. Sykes,* 433 U.S. 72, 87–88, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). *See Sincox v. United States,* 571 F.2d 876, 879–80 (5th Cir.1978) ("cause and prejudice" standard applies to habeas corpus claims where prisoner does not file a direct appeal).

### IV. Conclusion

The judgment appealed from is AFFIRMED.