United States Court of Appeals,

Fifth Circuit.

No. 91-1873.

Darrell Windell CHILDS, Petitioner-Appellant,

v.

James A. COLLINS, Director Texas Department of Criminal Justice, Institutional Division, Respondent-Appellee.

July 13, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before JOLLY, DAVIS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Darrell Windell Childs appeals the district court's denial of his petition for habeas corpus relief under 28 U.S.C. § 2254. For the reasons set forth below, we affirm the district court's denial of Childs's petition.

I.

On August 18, 1988, Childs was convicted in a Texas court on charges of aggravated robbery and was sentenced to 45 years imprisonment. Childs did not timely file a notice of appeal of that conviction.

Some three months after his conviction, Childs filed a petition for a writ of habeas corpus in the state trial court, alleging ineffective assistance of counsel that resulted in a denial of his right to appeal. Specifically, Childs asserted that he was not properly informed of his right to appeal and that his appointed counsel failed to give notice of appeal and withdrew from the case without notice to Childs or the trial court. Moreover, Childs alleged that his appointed trial counsel, King T. Solomon, had promised to escort Childs to court on August 24, 1988, for the purpose of signing appeal papers if he wished to appeal, but did not keep his alleged promise.

The state trial court requested an affidavit from Childs's trial counsel. After considering this affidavit, the court denied Childs's petition and found: (1) Childs was informed of his right to appeal by the trial court and his trial counsel; (2) Childs failed to timely notify anyone connected with the

court of his desire to perfect an appeal;  and (3) Childs's failure to make known his desire to appeal his conviction resulted in a waiver of his right to appeal.

After the Texas Court of Criminal Appeals summarily denied his request for habeas relief, Childs filed the instant habeas suit in the Northern District of Texas pursuant to 28 U.S.C. § 2254. The case was referred to Magistrate Judge William Sanderson, who recommended that the petition be denied and dismissed.  The district court adopted the magistrate judge's recommendation and denied relief.  This appeal followed.

II.

Childs's ineffective assistance of counsel claims are governed by *Penson v. Ohio,* 488 U.S. 75, 88, 109 S.Ct. 346, 354, 102 L.Ed.2d 300 (1988), in which the Supreme Court held that a petitioner need not prove prejudice under *Strickland* when the actions complained of resulted in the actual or constructive denial of the assistance of counsel altogether.  Thus, Childs need only satisfy *Strickland*'s requirement of showing that counsel's performance was so seriously deficient that he was not functioning as counsel. *See United States v. Gipson,* 985 F.2d 212, 215 (5th Cir.1993) ("If a petitioner can prove that the ineffective assistance of counsel denied him the right to appeal, then he need not further establish—as a prerequisite to habeas relief—that he had some chance of success on appeal.");  *Childress v. Lynaugh,* 842 F.2d 768, 772 (5th Cir.1988) ("Prejudice resulting from the denial of a defendant's right to appeal is presumed because a criminal conviction can be attacked on numerous grounds and thus, given the likelihood of prejudice, a case-by-case inquiry is not worth the costs.").

It should also be noted that in a federal habeas proceeding, factual findings of a state court must be presumed correct unless they are not fairly supported in the record.  28 U.S.C. § 2254(d)(8). *Maggio v. Fulford,* 462 U.S. 111, 117, 103 S.Ct. 2261, 2264, 76 L.Ed.2d 794 (1983).

Childs asserted in the district court that he had not been informed of his right to appeal, but he now acknowledges that the state court's factual finding with support in Solomon's affidavit precludes our consideration of that issue.  Instead, Childs argues that his appointed trial counsel's failure to notice and perfect an appeal of his aggravated robbery conviction amounted to ineffective

assistance of counsel.

Criminal defense counsel need not be omniscient, and they are not always omnipotent with respect to the protection of a client's rights. The duty to perfect an appeal on behalf of a convicted client does not arise on conviction, but when the client makes known to counsel his desire to appeal the conviction.[1] What the Constitution does require is that the defendant be fully informed of his right to appeal. This would require that the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal. *See Lumpkin v. Smith,* 439 F.2d 1084, 1085 (5th Cir.1971). The state court found that Childs had been advised of his appellate rights, and there is nothing in the record to overcome the presumption of correctness that rests on the state court's finding.

The State contends that Childs was not denied effective assistance of counsel because he waived his right to appeal. The state habeas court expressly found a waiver of Childs's appellate rights. Ordinarily, courts require a voluntary and intelligent waiver of a known constitutional right. *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). The right to appeal, however, is not a negative right to be used as a shield against government intrusion. Instead, it is a positive right that must be affirmatively exercised. *See Norris v. Wainwright,* 588 F.2d 130, 137 (5th Cir.) ("A defendant properly informed of his appellant rights may not "let the matter rest,' and then claim that he did not waive his right to appeal." (citation omitted)), *cert. denied,* 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979).

Consequently, waiver of the right to appeal requires only that there be a knowledge of the right to appeal and a failure to make known the desire to exercise that right. *Gipson,* 985 F.2d at 216; *Meeks v. Cabana,* 845 F.2d 1319, 1322 (5th Cir.1988); *Norris,* 588 F.2d at 135-37. The state court's finding of waiver is a factual finding, subject to a presumption of correctness under 28 U.S.C.

---

[1] In arguing that Solomon had the duty to continue to consult with Childs or the duty to represent Childs on appeal, Childs is trying to avoid the court's finding that Solomon properly advised him of his rights. Once Childs was informed of his right to appeal, then it was up to Childs to assert the right to the court or to Solomon. Solomon's alleged breach of professional ethics did not prevent Childs from voicing his intent to appeal.

§ 2254(d). *Gipson,* 985 F.2d at 216; *Meeks,* 845 F.2d at 1323.[2] Unlike *Gipson,* where the petitioner had clearly informed his attorney of his desire to appeal, Childs did not timely inform the court or his attorney of his desire to prosecute an appeal.

Solomon's failure to escort Childs to court does not excuse Childs's failure to make his desire to appeal known to Solomon. Further, under the circumstances, Solomon's agreement to escort Childs to court, by itself, is insufficient to overcome the state court finding that Childs never expressed his desire to appeal his conviction. The record demonstrates that Childs told Solomon that he had not decided whether he would appeal his conviction, and Solomon's promise to escort Childs to court the following week was conditioned implicitly on Childs's decision to appeal his conviction. When Solomon failed to show up the following week, Childs had sufficient time to notify Solomon or the court that he wished to appeal his conviction, but he never did.

We are bound to accept the state court's findings that Childs was informed of his appellate rights and failed to make known his desire to exercise those rights. These factual findings adequately support the state court's further finding that Childs waived his right to appeal. Therefore, having waived his right to appeal, Childs was not denied effective assistance of counsel on appeal.

CONCLUSION

For the assigned reasons, the district court's denial of habeas corpus relief is AFFIRMED.

---

[2]Although there was no live evidentiary hearing in the state habeas corpus proceeding, Childs does not challenge the adequacy of that proceeding for the purposes of section 2254(d).