Revised July 16, 1999

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 96-40978**

**LARRY JOE WHITE,**

**Petitioner-Appellant,**

**VERSUS**

**GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT**
**OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,[1]**

**Respondent-Appellee.**

Appeal from the United States District Court
for the Eastern District of Texas

July 9, 1999

Before HIGGINBOTHAM, DUHÉ, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Texas prisoner Larry Joe White appeals from the district court's judgment denying White's 28 U.S.C. § 2254 petition for writ of habeas corpus. White is before the Court pro se and in forma pauperis. White claims that trial counsel failed to inform him of his appellate rights, thereby depriving him of the right to appeal.

---

[1] The Director has lawful custody of White pursuant to a judgment of conviction and sentence imposed by the 366th Judicial District of Collin County, Texas.

White seeks permission to file an out-of-time appeal.

The district court relied upon state court fact findings that counsel did not fully inform White with respect to his appellate rights. The district court nonetheless denied relief because White had not identified any meritorious issues to be raised on direct appeal. Where counsel's failure to advise a criminal defendant of his appellate rights causes the defendant to lose the right to appeal his conviction or sentence, prejudice is presumed, and relief does not depend upon whether the defendant would have been able to raise meritorious issues on appeal. *See* **United States v. Gipson**, 985 F.2d 212, 215 (5th Cir. 1993); **Childress v. Lynaugh**, 842 F.2d 768, 772 (5th Cir. 1988); **Thor v. United States**, 574 F.2d 215, 221 (5th Cir. 1978); **Lumpkin v. Smith**, 439 F.2d 1084, 1085 (5th Cir. 1971). White has demonstrated that counsel's deficient performance deprived him of the right to appeal. We therefore reverse the district court's judgment denying relief and remand for entry of an order providing that the writ of habeas corpus will issue unless the State of Texas elects to cure the constitutional violation by permitting White to file an out-of-time appeal.

## BACKGROUND

In July 1989, White was indicted on charges that he sexually assaulted his minor son. White was arrested in New York and returned to Texas. Counsel was appointed to represent White, but

2

shortly thereafter permitted to withdraw.  The trial court appointed a second lawyer, who negotiated a plea bargain with the state.  In March 1990, White pleaded guilty pursuant to that plea bargain in exchange for ten years deferred adjudication probation. *See* Tex. Code Crim. P. art. 42.12 § 5(a).  White was also ordered to pay court costs, restitution and probation fees.

White thereafter failed to pay restitution and probation fees as mandated in the trial court's order deferring adjudication.  In September 1991, the state filed a motion for revocation of White's probation and a petition requesting that the trial court proceed to a final adjudication of White's guilt and the imposition of an appropriate sentence.  Shortly thereafter, White's second lawyer was replaced by a third appointed lawyer, Craig Barlow.  In January 1992, White, counseled by Barlow, pleaded true to the allegations in the state's petition for adjudication of guilt.  The trial court then found White guilty, but delayed sentencing to allow time for preparation of a presentence report.  After consideration of the presentence report, the trial court sentenced White to fifteen years in prison.  The trial court entered final judgment on February 2, 1992.

On April 22, 1992, White filed a pro se notice of appeal by mailing the same to the county clerk.  The notice was received by the Fifth District Court of Appeals in Dallas, Texas on May 4, 1992.  The trial court ordered a transcript of the proceedings in

3

White's case, and it was forwarded to the Texas Court of Appeals. On July 13, 1992, the Texas Court of Appeals notified White that his appeal would be dismissed as untimely because it was not filed within thirty days, as required by Texas Rule of Appellate Procedure 41(b)(1).

On June 21, 1994, White filed a state application for habeas corpus with the Texas Court of Criminal Appeals, alleging that counsel's failure to inform him of his appellate rights, and particularly the time frame in which an appeal must be filed, caused him to lose the opportunity to appeal certain issues relating to the trial court's judgment. The Texas Court of Criminal Appeals remanded the matter to the state trial court for further exploration of White's factual allegations. The trial court ordered attorney Barlow to file an affidavit responding to White's allegations that he was not advised of his right to appeal. Barlow testified by affidavit that he advised White that the state's allegations of non-payment would be difficult to oppose, but that the trial court might be persuaded to continue the deferred adjudication if White could provide an adequate explanation for the non-payment. Barlow therefore advised White to plead true to the state's allegations. Barlow testified that he explained to White that pleading true would limit those arguments that might be successfully presented on appeal. Barlow counseled White that any appeal following a plea of true would probably be unsuccessful. These conversations apparently occurred in the

4

context of White's decision to plead true to the state's allegations and before White was convicted and sentence was imposed.

Barlow conceded that he did not specifically advise White that he had a right to appeal, or that he had thirty days in which to perfect an appeal. Barlow testified that he assumed White did not want to appeal because White did not contact Barlow after sentence was imposed. Based upon this evidence, the state trial court entered findings: (1) that the trial court did not implicitly grant White permission to appeal by transferring the statement of facts to the Texas Court of Criminal Appeals, and (2) that trial counsel failed to apprise White that he had thirty days in which to appeal. These findings were referred to the Texas Court of Criminal Appeals, which summarily denied relief without opinion.

White then filed this federal petition for habeas corpus relief. The district court referred the matter to a magistrate judge, who entered an order directing White to identify the issues he desired to present on direct appeal in the Texas courts. After White responded with a list of issues for consideration, the magistrate judge recommended that relief be denied because White failed to identify meritorious issues for appeal. The district court agreed, granting judgment in favor of the Director and denying White's petition for habeas corpus relief. White moved for a certificate of probable cause for appeal in the district court, which was denied. This Court later granted CPC on the issue of

5

whether White's trial counsel was ineffective for failing to fully inform him of his appellate rights.

**DISCUSSION**

White maintains that he is entitled to an out-of-time appeal because neither his appointed counsel nor the trial court informed him of his appellate rights. Construed liberally, White's pleadings allege that he was denied the effective assistance of counsel because counsel's failure to inform him of his appellate rights caused him to lose the opportunity to appeal. Ineffective assistance of counsel claims are controlled by the familiar two-pronged test defined in *Strickland v. Washington*, 104 S. Ct. 2052 (1984). Under that test, White must demonstrate that counsel's conduct was constitutionally deficient in that it fell below an objective standard of reasonableness as measured by prevailing professional norms. *Id*. at 2064; *see also Gipson*, 985 F.2d at 215. White must also demonstrate that he was prejudiced by counsel's deficient performance. *Strickland*, 104 S. Ct. at 2064; *Gipson*, 985 F.2d at 215. A defendant is prejudiced by counsel's failure to fully inform him of his appellate rights when that failure actually causes the defendant to lose the right to appeal. *See Gipson*, 985 F.2d at 215; *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *Martin v. Texas*, 737 F.2d 460, 462 (5th Cir. 1984); *Norris v. Wainwright*, 558 F.2d 130, 135 (5th Cir. 1979) (all requiring

6

that counsel's unprofessional errors, rather than some other factor, actually cause the denial of defendant's right to appeal). The defendant is not required to demonstrate that he would present merit worthy issues on appeal. *See*, *e.g.*, *Gipson*, 985 F.2d at 215; *Childress*, 842 F.2d at 772.

I.   <u>Deficient Performance</u>

We begin by examining the scope of counsel's constitutional duty to inform a criminal defendant of his appellate rights. Criminal defense counsel is not burdened by any general duty to perfect an appeal of every criminal conviction. *Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993). The decision whether to appeal is made by the defendant. *See United States v. Faubion*, 19 F.3d 226, 231 (5th Cir. 1994); *Childs*, 995 F.2d at 69 n.1; *Norris*, 588 F.2d at 137. But counsel is constitutionally required to fully inform the defendant as to his appellate rights. *See Faubion*, 19 F.3d at 231; *Childs*, 995 F.2d at 69; *see also Gipson*, 985 F.2d at 215; *Martin*, 737 F.2d at 462; *Lamb v. Estelle*, 667 F.2d 492, 496 (5th Cir. 1982); *Norris*, 588 F.2d at 135-37; *Lumpkin*, 439 F.2d at 1085. Counsel's duty to a criminal defendant in this context requires more than simply notice that an appeal is available or advice that an appeal may be unavailing. *See Gipson*, 985 F.2d 215; *Martin*, 737 F.2d at 461-62. "The Constitution requires that the client be advised not only of his right to appeal, but also of the procedure

7

and time limits involved and of his right to appointed counsel on appeal." **Faubion**, 19 F.3d at 231 (internal quotes omitted); *see also* **Childs**, 995 F.2d at 69; **Norris**, 588 F.2d at 134-35; **Lumpkin**, 439 F.2d at 1085. Counsel's failure to so advise a defendant once a conviction is entered falls below prevailing professional standards and is constitutionally deficient performance within the meaning of **Strickland**. *See* **Gipson**, 985 F.2d at 215 (citing relevant ABA Standards); *see also* **Martin**, 737 F.2d at 462; **Lamb**, 667 F.2d at 496; **Lumpkin**, 439 F.2d at 1085.

White claims that neither counsel nor the trial court advised him that he had only thirty days in which to appeal. The state trial court entered a finding of fact to that effect, which is not challenged by the Director. Moreover, White was never informed concerning the procedures for perfecting an appeal or that he had a right to appointed counsel for purposes of preparing an appeal. The federal district court found that White's counsel did not fully inform White concerning his right to appeal. That finding is not clearly erroneous. Although Barlow's affidavit indicates that White may have possessed some generalized knowledge that he had a limited right to appeal, White was not fully apprised by either the trial court or by counsel of his appellate rights. "It is well established in this Circuit, as elsewhere, that an indigent accused is denied effective assistance of counsel at a critical stage of the criminal process when his court-appointed attorney fails to

8

advise him of his right to appeal, the procedure and time limits involved, and of his right to appointed counsel on appeal." *Lumpkin*, 439 F.2d at 1085 (collecting citations); *see also* *Martin*, 737 F.2d at 462; *Lamb*, 667 F.2d at 496. We conclude that White's counsel provided constitutionally deficient performance by failing to fully inform White of his appellate rights.

II. Prejudice

The district court acknowledged that White had not been fully informed of his appellate rights, but denied relief because White did not identify any meritorious claims for presentation on direct appeal. A defendant who claims that counsel's deficient performance actually deprived him of the right to appeal, "need not establish -- as a prerequisite to habeas relief -- that he had some chance of success on appeal." *Gipson*, 985 F.2d at 215; *see also* *Rodriguez v. United States*, 89 S. Ct. 1715 (1969); *Childress*, 842 F.2d at 772; *Thor*, 574 F.2d at 221; *Lumpkin*, 439 F.2d at 1085. For that reason, the district court's disposition of White's claim was premised upon an incorrect view of the law. The Director concedes that the district court's reasoning was incorrect, but argues that the result was appropriate, either because White possessed only a limited right to appeal or because White affirmatively waived his right to appeal.

To establish prejudice, White must show that counsel's failure

9

to fully inform him of his appellate rights actually caused him to lose the right to appeal. *See* **Gipson**, 985 F.2d at 215; **Green**, 882 F.2d at 1003; **Martin**, 737 F.2d at 462; **Norris**, 558 F.2d at 135. The Director argues that White's right to appeal was narrowly circumscribed by his decision to plead guilty and by his decision to plead true to the state's petition for revocation of deferred adjudication. Clearly, White cannot establish prejudice arising from counsel's failure to inform him of his appellate rights if he had none to begin with. We must therefore consider the scope of White's right to appeal from the trial court's 1992 judgment.

Under then-applicable Texas law, White had no right to appeal the trial court's decision to proceed with an adjudication of guilt. *See* TEX. CODE CRIM. PROC. ANN. art.42.12 § 5(b), *amended by*, Acts 1993, 73rd Leg., ch. 806. White did have a limited right to appeal from his conviction and sentence. **Id**. ("after an adjudication of guilt, all proceedings including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilty had not been deferred").

White's right to challenge his conviction and sentence was limited by his guilty plea and the trial court's decision to permit deferred adjudication pursuant to White's initial plea bargain. The version of Texas Rule of Appellate Procedure 40(b) applicable in 1992 provides in relevant part:

10

> Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

*See* Tex. R. App. P. 40(b) (West 1992). Under that rule, White could not appeal any defect or error occurring before his guilty plea without the permission of the trial court, unless his appeal raised issues presented and ruled upon in a pretrial motion or challenged the jurisdiction of the trial court.

White's right to appeal from the sentence imposed was likewise limited by the same rule. Even though the record does not reflect that White's plea bargain included terms relating to the sentence that could be imposed following any revocation of deferred adjudication, and even though White's plea of true to the state's allegations that he violated the terms of his deferred adjudication was not conditioned upon any particular sentence, Texas courts have held that plea agreements resulting in deferred adjudication probation should be construed to permit the imposition of any sentence within the permissible legal range in the event that deferred adjudication is revoked and the defendant is adjudicated

11

guilty.  *See **Watson v. State***, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996).  In such a case, the defendant's appeal from conviction and sentence imposed after conviction is limited by Texas Rule of Criminal Procedure 40(b) to the same extent that that rule would have limited an immediate appeal from the imposition of deferred adjudication.  *See **id**.*  Based upon our review of Texas law, we conclude that White had a limited, but nonetheless existent, right to appeal both his conviction and sentence following the revocation proceedings.

The Director next urges the Court to scrutinize the claims that White has identified in his pro se petition for habeas corpus relief to determine whether the claims White would bring on appeal fall within White's narrowly defined right to appeal under state law.  We decline to engage in this exercise.  White is not a lawyer, and there is little doubt that certain of White's claims, as presently articulated, are without merit.  But it is not our role to either characterize White's pro se claims or assess the merits of those claims in this action.  Indeed, to do so would effectively deprive White of his right to appeal, even though he has not had the assistance of counsel in preparing one.  *See **Rodriguez***, 89 S. Ct. at 1717 (habeas petitioners claiming that they were deprived of any appeal often proceed pro se and would "have grave difficulty" presenting even a summary statement of the issues to be presented on appeal; requiring such petitioners to make a

12

showing that they would likely prevail on appeal would thus deprive them "of their only chance to take an appeal even though they have never had the assistance of counsel in preparing one."). White had a right to appeal from the challenged decision. That right was neither unfettered nor spectacularly broad. Nonetheless, the Texas Court of Appeals is the proper forum for consideration of White's claims on appeal. We therefore reject the Director's invitation to hold that White has not alleged cognizable claims for appeal.

The Director also argues that White waived his right to appeal. Clearly, White cannot be said to have been prejudiced by counsel's failure to inform him of his appellate rights if he never intended to exercise those rights. *See*, *e.g.*, **Green**, 882 F.2d at 1003. We have sometimes discussed this principle in terms of whether the defendant "waived" his right to appeal. *See*, *e.g.*, **Childs**, 995 F.2d at 69; **Gipson**, 985 F.2d at 216-17; **Lumpkin**, 439 F.2d at 1085. Waiver generally implies a knowing and voluntary relinquishment of a known constitutional right. **Childs**, 995 F.2d at 69. But the right to appeal is a "positive right that must be affirmatively exercised," rather than "a negative right to be used as a shield against government intrusion." **Childs**, 995 F.2d at 69. For that reason, the Court has recognized that "a defendant properly informed of his appellate rights may not let the matter rest, and then claim that he did not waive his right to appeal." **Norris**, 588 F.2d at 137 (citation omitted). "Consequently, a

13

defendant may be held to have waived the right to appeal upon a showing that the defendant was fully informed of his appellate rights and failed to make known his desire to exercise those rights. *See* **Norris**, 588 F.2d at 136-37 ("no circuit has failed to find waiver when the petitioner actually knew of his appellate rights, and no circuit has inquired into the mental condition of the petitioner at the time he was told of his appellate rights"); *see also* **Childs**, 995 F.2d at 69 & n.1; **Gipson**, 985 F.2d at 216.; **Meeks v. Cabana**, 845 F.2d 1319, 1321-22 (5th Cir. 1988).

Perhaps the clearest case of waiver is when the defendant advises counsel that he does not wish to appeal. *See*, *e.g.*, **Meeks**, 845 F.2d at 1321-22. In such a case it is the defendant's own decision rather than counsel's conduct which deprives the defendant of an appeal. There is no dispute in this case about the fact that White desired an appeal. White demonstrated his intent by filing a notice of appeal less than ninety days after judgment was imposed. Thus, this is not a case in which counsel's failure to fully inform White of his appellate rights may be excused by independent evidence that White did not intend to appeal.

Waiver may also occur when the defendant had actual knowledge of his appellate rights from another source. In such a case, it is the defendant's own failure to act, rather than any failure on counsel's part, which deprives the defendant of an appeal. *See* **Norris**, 588 F.2d at 136-37. We have applied that rule to find

14

waiver where the record establishes that the trial court, rather than counsel, actually apprised the defendant of his right to appeal, and the defendant thereafter failed to make his desire to appeal known. *See*, *e.g.*, **Meeks**, 845 F.2d at 1323; **Martin**, 737 F.2d at 462 n.1; **Childs**, 995 F.2d at 68-69; **Norris**, 588 F.2d at 135; **Huff v. Wainwright**, 583 F.2d 744 (5th Cir. 1978).

The Director argues that White was apprised of his right to appeal. Specifically, the Director relies upon statements made by the trial court to White during the 1990 hearing in which the trial court placed White on deferred adjudication. During that hearing, the trial court explained to White the consequences of his guilty plea and the trial court's decision to approve the plea bargain. One of those consequences was that White would have only a limited right to appeal. The trial court made certain remarks concerning the availability of an appeal. The trial court did not, however, at that or any other time apprise White that he would have only thirty days to file an appeal, or that he was entitled to appointed counsel on appeal. Even assuming the trial court's 1990 advice concerning White's ability to appeal from the trial court's order placing him on deferred adjudication probation would be sufficient to provide notice to White concerning his separate and differing right to appeal from the revocation proceedings, the trial court did not inform White that he had only thirty days to perfect an appeal. We do not hold that the trial court was required to do so,

15

but merely that the Director may not, in the absence of such advice, rely upon the trial court's 1990 advice to establish a waiver.

We have also found waiver where the state habeas court entered binding findings of fact that the petitioner was aware of his appellate rights and failed to utilize them, *e.g.*, **Childs v. Collins**, 995 F.2d 67, 68-69 (5th Cir. 1993), or when the federal district court makes specific findings that a defendant was fully informed of his appellate rights and waived those rights by failing to make his desire to perfect an appeal known, *e.g.*, **Gipson**, 985 F.2d at 216; *see also* **Huff**, 583 F.2d at 745. We are dealing in this case with the opposite scenario. Both the state habeas court and the federal district court entered findings of fact to the effect that White was not fully informed of his appellate rights.

We have already concluded, and indeed the parties concede, that White was not fully informed of his appellate rights. There is, therefore, no basis for finding that White waived his right to appeal.

White had a limited right to appeal from the 1992 proceedings. Neither trial counsel nor the trial court fully informed him of his appellate rights, and there is no evidence in the record that White was otherwise aware of his appellate rights. White attempted to exercise his right to appeal less than ninety days after the judgment against him, and that appeal was dismissed as untimely

16

filed, a consequence that would have been avoided had counsel informed White that he had only thirty days to appeal. We conclude that White has demonstrated that counsel's failure to inform him that he had to file an appeal within thirty days deprived White of his limited right to appeal from his conviction and sentence. He has therefore demonstrated prejudice within the meaning of *Strickland* and is entitled to habeas corpus relief.

## CONCLUSION

White's counsel provided constitutionally deficient performance by failing to advise him that he had a limited right to appeal from his conviction and sentence within thirty days after the revocation of his deferred adjudication probation in 1992. White was prejudiced by that deficient performance within the meaning of *Strickland* because counsel's failure to advise White that an appeal had to be filed within thirty days caused the dismissal of White's untimely notice of appeal filed within a reasonable time after the thirty day deadline expired. White is therefore entitled to habeas corpus relief on his claim that counsel provided ineffective assistance of counsel.

The district court's judgment denying White's petition for habeas corpus relief is REVERSED. The cause is REMANDED to the district court for entry of an order providing that the writ of habeas corpus will issue unless the State of Texas permits White to

file an out-of-time appeal as permitted by the applicable state law within a reasonable and definite period of time.  *See* **Lumpkin***,* 439 F.2d at 1086 (setting forth the appropriate relief where petitioner has been denied an appeal by counsel's deficient performance). White's appeal will be circumscribed by the applicable Texas Rules of Criminal Procedure and statutory provisions.  We note that White will be entitled to appointed counsel for the purpose of addressing the complexities involved in the out-of-time appeal.

**REVERSED AND REMANDED.**