[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2155

 EDWARD L. MAHAN, III,

 Petitioner, Appellant,

 v.

 UNITED STATES,

 Respondent, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ernest C. Torres, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Stahl, Circuit Judge.

 Edward L. Mahan, III on brief pro se.
 Margaret E. Curran, United States Attorney, and Donald C.
Lockhart, Assistant United States Attorney, on brief for appellee.

October 7, 1999

 Per Curiam. Petitioner Edward L. Mahan, III,
appeals pro se from the denial of a 28 U.S.C. 2255 petition. 
The district court granted a certificate of appealability
limited to the issue
 whether a criminal defendant who
 was advised of his right to
 appeal, afforded an opportunity
 to exercise that right, and
 still failed to affirmatively
 exercise that right has in fact
 waived his right to appeal.
Upon review, we affirm.
 As an initial matter, the district court's factual
finding that Mahan failed to ask his attorney to file a notice
of appeal is not clearly erroneous. See Strickland v.
Washington, 466 U.S. 668, 698 (1984) ("district court findings
[made in the course of deciding an ineffective assistance
claim] are subject to the clearly erroneous standard of Fed. R.
Civ. P. 52(a)"); Lema v. United States, 987 F.2d 48, 53 (1st
Cir. 1993) (applying clearly erroneous standard to factual
findings underpinning ineffective assistance claim). The
evidence, which included counsel's testimony as to his
customary practice, supported competing inferences. The
district court rejected the credibility of Mahan's testimony,
and Mahan provides insufficient reason to second-guess this
judgment. 
 Moreover, without deciding whether a request to
appeal is always required, compare Ludwig v. United States, 162
F.3d 456, 459 (6th Cir. 1998) ("[T]he constitution is only
implicated when a defendant actually requests an appeal, and
his counsel disregards that request.") with White v. Johnson,
180 F.3d 648, 656 (5th Cir. 1999) (granting habeas relief where
counsel's failure to fully inform petitioner of his appellate
rights caused him to lose the opportunity to appeal), we think
that the district court appropriately found waiver based on the
absence of an affirmative request where, as here: petitioner
was twice advised of his right to appeal by the sentencing
court; petitioner pled guilty and his claim is limited to the
loss of a sentencing appeal; petitioner conceded that counsel
advised him that the case law is against him on the sole
sentencing issue preserved by counsel; and petitioner was in
contact with counsel's office after sentencing, and he could
have solicited further advice regarding the merits of an
appeal, if necessary to a decision. 
 Affirmed.