IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60370
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CHARLES W. GAVIN, also known as Charlie,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
(3:00-CV-3-B)
(3:98-CR-58-1-B)
--------------------
June 1, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

      Pursuant to our grant of a certificate of appealability, Defendant-Appellant Charles W. Gavin, federal prisoner #10867-042, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence on his claim of ineffective assistance of counsel. This claim is based on the refusal or failure of retained criminal defense counsel to file a notice of appeal on Gavin's behalf.

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court record establishes that Gavin was (1) informed by his lawyer that he refused to file an appeal and (2) advised of his right to appeal and to have an attorney appointed on appeal if he could not afford to retain one. There is no evidence in the record, however, showing that Gavin was advised that his notice of appeal had to be filed within 10 days following the entry of his judgment of conviction. If in fact Gavin was not informed of the time within which his notice of appeal had to be filed, his counsel's performance would be considered deficient. That in turn would raise the question whether Gavin's lack of information regarding the time within which to file a notice of appeal caused him to lose his right to appeal, thereby constituting prejudice. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484 (2000); White v. Johnson, 180 F.3d 648, 651-52 (5th Cir. 1999); Norris v. Wainwright, 588 F.2d 130, 135 (5th Cir. 1979).

Because Gavin's 28 U.S.C. § 2255 motion and the remainder of the record do not demonstrate conclusively that Gavin is not entitled to relief, the district court's failure to conduct an evidentiary hearing before denying the motion constitutes abuse of discretion. See 28 U.S.C. § 2255; United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). As such, we must vacate the district court's denial of Gavin's 28 U.S.C. § 2255 motion with respect to his ineffective assistance claim based on his counsel's failure to file a notice of appeal, and remand this case for an evidentiary hearing on that claim.

VACATED IN PART AND REMANDED FOR EVIDENTIARY HEARING.