United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41509
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ELEE CAMPOS CAMARGO,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-00-CV-175
USDC No. M-99-CR-470-1
---------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

     Elee Campos Camargo (Camargo), former federal prisoner
# 85995-079, challenges the district court's dismissal of his
28 U.S.C. § 2255 petition.  The district court granted a
certificate of appealability (COA) on the issues whether trial
counsel failed to advise Camargo about his appellate rights and
whether counsel failed to file a notice of appeal as requested by
Camargo.  The Government argues that Camargo seeks to expand the
grant of COA to include whether counsel failed to consult with

----

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Camargo about whether he wished to file a notice of appeal. Counsel's failure to consult concerning an appeal is sufficiently interrelated with the two issues upon which COA was granted-- whether counsel failed to advise Camargo properly as to his appellate rights and whether counsel failed to file a notice of appeal as requested--that we consider the failure-to-consult nuance to be properly before us.

Mootness

Although Camargo filed his 28 U.S.C. § 2255 motion while he was in custody, he has subsequently been released from prison. Once the petitioner's sentence has expired, we must consider whether his release caused the petition to be moot because it no longer presents a case or controversy under Article III, § 2, of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). The case-or-controversy requirement demands that "some concrete and continuing injury other than the now-ended incarceration or parole--some 'collateral consequence' of the conviction--must exist if the suit is to be maintained." Id. (citation omitted). The Supreme Court has said that there is a presumption of collateral consequences with respect to criminal convictions. Id. at 8. Because Camargo is still serving his term of supervised release, the case-or-controversy requirement is met here and the case is not moot. See Spencer, 523 U.S. at 8.

Ineffective assistance of counsel

To establish a claim of ineffective assistance of counsel, Camargo must prove that counsel's conduct was constitutionally deficient and that he was prejudiced by the deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). "The Constitution requires that the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal." See White v. Johnson, 180 F.3d 648, 652 (5th Cir. 1999). Counsel's failure to advise a defendant of the foregoing constitutes deficient performance within the meaning of Strickland. See id. To establish prejudice, a defendant must demonstrate that counsel's failure to fully inform him of his appellate rights resulted in the loss of the right to appeal. See id. at 653.

The district court's determination that Camargo did not request that counsel file a notice of appeal is not clearly erroneous. See Little v. Johnson, 162 F.3d 855, 859 (5th Cir. 1998). Both counsel's affidavit and testimony at the evidentiary hearing support the district court's conclusion. See id.

The district court determined that the sentencing court informed Camargo of his right to appointed appellate counsel and therefore, Camargo could not establish a claim of ineffective assistance of counsel on this issue. The sentencing transcript reflects that the court informed Camargo that he could appeal in forma pauperis but did not specifically inform Camargo that he

was entitled to appointed appellate counsel.  Camargo asserts that he did not understand the meaning of the word in forma pauperis and counsel testified that he did not explain to Camargo the meaning of in forma pauperis and could not recall whether he informed Camargo that he had the right to appointed counsel.  Under these circumstances, the district court clearly erred in finding that Camargo had been advised by the district court at sentencing that he had the right to appointed appellate counsel.  See Meanes v. Johnson, 138 F.3d 1007, 1010 (5th Cir. 1998).  Accordingly, the appropriate remedy is for the district court to reinstate the criminal judgment on the docket in order for Camargo to file an out-of-time appeal.  See United States v. West, 240 F.3d 456, 459-60 (5th Cir. 2001).  Camargo's 28 U.S.C. § 2255 motion should be dismissed without prejudice.  Id.  The judgment of the district court is VACATED and the case is REMANDED with instruction for the district court to reinstate the criminal judgment.