# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 24, 2012

No. 11-30206
Summary Calendar

Lyle W. Cayce
Clerk

ANSON HOLLEY, JR.,

Plaintiff-Appellant

v.

TERRY TERRELL,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-1787

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Anson Holley Jr., Louisiana inmate # 530319, appeals the dismissal of his 28 U.S.C. § 2254 petition, in which he challenged his conviction for molestation of a juvenile. We granted a certificate of appealability (COA) on the issue whether Holley's waiver of his right to appeal comported with due process.

Holley asserts that, although the right to appeal from a conviction may not be guaranteed by the federal constitution, when an appeal is available as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

matter of right, the decision to forgo it must be made by the defendant, not his lawyer.  He contends that the personal right to appeal may be raised separate and apart from a claim of  ineffective assistance of counsel.

Holley was present at the sentencing hearing when his counsel announced that Holley would not be appealing, and he stood mute following counsel's statement.  In light of these two facts, the state habeas court could have reasonably concluded that Holley's failure to make known his desire to appeal constituted a knowing waiver or forfeiture of his right to do so.  *See Harrington v. Richter*, 131 S. Ct. 770, 784, 786-87 (2011); *Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 2003).  Thus, fairminded jurists could agree that the state habeas court's finding that Holley was not entitled to an out of time appeal is consistent with due process.  *See Richter*, 131 S. Ct. at 786-87; *Evitts v. Lucey*, 469 U.S. at 393, 405 (1985).

As Holley's challenge to the child victim's testimony is outside the scope of the COA, we lack jurisdiction to consider it.  *See Simmons v. Epps*, 654 F.3d 526, 535 (5th Cir. 2011), *petition for cert. filed* (Dec. 27, 2011) (No. 11-8085).

AFFIRMED.