**Reversed and Remanded and Majority and Concurring Opinions filed January 28, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00372-CR

---

**HOLLY LYNN HARRISON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 368th District Court
Williamson County, Texas
Trial Court Cause No. 16-0276-K368**

---

## C O N C U R R I N G   O P I N I O N

Today we reverse appellant's judgment of conviction and remand for a new plea hearing and trial because appellant's counsel's ineffective assistance prejudiced her. I agree with that outcome, but I write separately to explain my reasoning.

Although presented only as ineffective-assistance-of-counsel arguments, appellant's first and second issues are based upon two related but distinct Sixth

Amendment violations shown on this record, namely deprivation of the right to effective assistance of counsel[1] and of the right of personal autonomy over one's defense.[2] Here, both violations are related factually in the sense that the former begat the latter. But the standards for obtaining reversal based on each violation are different. An ineffective-assistance claim requires the appellant to demonstrate that her lawyer's deficient performance prejudiced her defense. *See Strickland*, 466 U.S. at 688, 692; *Hernandez v. State*, 726 S.W.2d 53, 54-57 (Tex. Crim. App. 1986). Generally, an appellant satisfies the prejudice component by showing a reasonable probability that, but for counsel's deficient performance, the proceeding's result would have been different. *Strickland*, 466 U.S. at 694. In some instances, as this case illustrates, a criminal defendant is prejudiced when her counsel's deficient conduct might have caused her to waive a judicial proceeding for which, in reasonable likelihood, she would have opted had counsel performed adequately. *Miller v. State*, 548 S.W.3d 497, 502 (Tex. Crim. App. 2018) (citing *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017); *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

An autonomy violation, on the other hand, constitutes "structural" error, which when raised at trial and on direct appeal compels "'automatic reversal' regardless of the error's actual 'effect on the outcome.'" *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1910 (2017) (quoting *Neder v. United States*, 527 U.S. 1, 7 (1999)). When a defendant's Sixth Amendment autonomy right is violated, we presume prejudice on appeal from a conviction. *See McCoy*, 138 S. Ct. at 1511;

---

[1] U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984).

[2] *See McCoy v. Louisiana*, 138 S. Ct. 1500, 1511 (2018); *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *Gannett Co. v. DePasquale*, 443 U.S. 368, 382 n.10 (1979) (the Sixth Amendment "contemplat[es] a norm in which the accused, and not a lawyer, is master of his own defense"); *Faretta v. California*, 422 U.S. 806, 834 (1975).

*Weaver*, 137 S. Ct. at 1907-08 (structural error "def[ies] analysis by harmless error standards").

Appellant did not assert a stand-alone "*McCoy* complaint"—by which I mean a complaint that the lawyers' failure to advise of the out-of-court conversation, and of legal options available should the conversation cause appellant to reconsider her pleas, violated her Sixth Amendment autonomy (or Due Process) rights, and thus no showing of prejudice is required. Under *McCoy*, once a Sixth Amendment autonomy deprivation is complete, a new trial is required without a showing of prejudice and indeed regardless whether counsel performed deficiently or even contributed to the deprivation. In the motion for new trial and subsequent briefing, however, appellant lodged her grievance as an ineffective-assistance-of-counsel point and thus argued that she was required to show prejudice. Citing *Miller* and *McCoy*, she urged that her counsel's conduct deprived her of autonomy rights, but she asserted that violation as establishing prejudice under *Miller* and not as an independent ground for new trial irrespective of prejudice, as was the case in *McCoy*.

To be clear, *McCoy* is not an ineffective-assistance-of-counsel case, as the majority acknowledges. *McCoy*, 138 S. Ct. at 1510-11 ("Because a client's autonomy, not counsel's competence, is in issue, we do not apply our ineffective-assistance-of-counsel jurisprudence."). Although the conduct of defense counsel caused the Sixth Amendment autonomy violations both in *McCoy* and here, the petitioner in *McCoy* did not present the issue as one of ineffective assistance in the Supreme Court. *McCoy*'s relevance to the present case is limited to its Sixth-Amendment autonomy-rights discussion, which appellant invokes only with respect to her prejudice argument.

Because appellant has presented her complaint as one of ineffective assistance of counsel, we must address it within that framework as the majority correctly does. Examining the first prong, I agree that appellant met her burden to show by a preponderance of the evidence that trial counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *See Lopez v. State*, 343 S.W.2d 137, 142 (Tex. Crim. App. 2011).

The judge hearing the motion for new trial found that Judge Kennon made a statement to one of appellant's trial attorneys regarding consideration of deferred adjudication, in chambers and outside the presence of the State's counsel. The court also found that appellant's trial counsel withheld Judge Kennon's statement and counsel's interpretation of it from appellant, even though consideration of deferred adjudication as part of the plea agreement was of "paramount" importance to appellant. These findings are supported by evidence.

Vital to the deficiency inquiry is identifying and describing the particular conduct alleged to be deficient. A reviewing court must analyze the reasonableness of counsel's conduct on the facts of the particular case, viewed at the time of the conduct. *Strickland*, 466 U.S. at 690. An appellant must identify counsel's acts or omissions that she alleges are not the result of reasonable professional judgment. *Id.* The court must then determine whether, in light of all the circumstances, the acts or omissions were outside the wide range of professionally competent assistance. *Id.*

In its order denying appellant's motion for new trial, the court identified the conduct at issue as counsel's failure to file a motion to withdraw the no-contest and guilty pleas, which the court found not deficient because the decision could be grounded in reasonable trial strategy. However, the germane conduct is not counsel's failure to file a motion to withdraw the pleas but, as appellant argues,

4

counsel's failure to keep their client fully informed of circumstances bearing on a decision whether to maintain no-contest and guilty pleas or proceed to a jury—a matter they knew to be of particular importance to their client.[3]  As appellant's trial counsel rightly acknowledged below, Sixth Amendment-secured autonomy includes the ultimate decisions whether to plead guilty and waive the right to a jury trial.  *See Jones*, 463 U.S. at 751; *see also Burnett v. State*, 642 S.W.2d 765 n.8 (Tex. Crim. App. 1982).  These *personal* rights are predicated on "the fundamental legal principle that a defendant must be allowed to make his own choices about the proper way to protect his own liberty."  *Weaver*, 137 S. Ct. at 1908 (citing *Faretta*, 422 U.S. at 834).  A guilty plea, for example, being an "event of signal significance" in a criminal proceeding, evokes the highest possible stakes for a defendant and therefore requires the "utmost solicitude."  *Florida v. Nixon*, 543 U.S. 175, 187 (2004) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)).  In fact, counsel lacks authority to consent to a guilty plea on a client's behalf.  *Brookhart v. Janis*, 384 U.S. 1, 6-7 (1966).  In my view, a criminal defendant's rights to control fundamental defense decisions like pleading guilty and waiving a jury trial are so consequential that lack of full information from counsel frustrates their effective and meaningful exercise.  *See Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 1657 (2000) (Scalia, J., concurring) ("Our system of laws generally presumes that the criminal defendant, *after being fully informed*, knows his own best interests and does not need them dictated by the State.") (emphasis added).  Accordingly, counsel unquestionably has a duty to consult with the client about recognized core strategy choices that are the client's to make and which path best protects the client's interests.  *See McCoy*, 138 S. Ct. at 1509 ("Counsel, in any case, must still develop a trial strategy and discuss it

---

[3] She pleaded no contest to the injury to a child count and guilty to the tampering with evidence count.

with her client. . .”); *Nixon*, 543 U.S. at 187 (“An attorney undoubtedly has a duty to consult with the client regarding ‘important decisions,’ including questions of overarching defense strategy.”).  Further still, considering Texas’s liberal practice concerning withdrawal of guilty pleas[4] and other features of the attorney-client relationship, counsel’s duty to consult persists after the initial plea stage.  *See* Tex. Code Crim. Proc. art. 26.04(j) (appointed counsel shall “represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record”); *Ex parte Axel*, 757 S.W.2d 369, 373 (Tex. Crim. App. 1988) (“Representation by trial counsel does not terminate at end of trial.”).  Here, due to counsel’s deficient conduct, appellant was not aware until after judgment and sentencing that events had occurred that would have prompted her to reconsider her pleas.

The failure to render legal advice may be deficient particularly when the advice not given pertains to the class of critical decisions reserved for the client. *See, e.g.*, *Ex parte Battle*, 817 S.W.2d 81, 83-84 (Tex. Crim. App. 1991) (failure to advise client in connection with plea that he was ineligible for court-ordered probation); *Arreola v. State*, 207 S.W.3d 387, 392 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (failure to inform of consequences of a guilty plea); *see also White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999) (failure to advise of right of appeal and deadlines); *Garcia v. Davis*, No. 7:16-CV-632, 2018 WL 5921018, at *16 (S.D. Tex. Nov. 13, 2018) (failure to ensure client had full knowledge of

---

[4] *See Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979).  A defendant may withdraw her guilty plea as a matter of right until judgment has been pronounced or the case has been taken under advisement and, after that point, may do so at the trial court’s discretion.  *See id*.

6

proceedings by convincing client an interpreter was not needed; client denied ability to make autonomous choice about defense).

Focusing on the salient conduct of counsel's failure to consult with appellant about Judge Kennon's statement, I agree with the majority that counsel's omission falls outside the range of professionally competent assistance. As of the time of counsel's exchange with the judge and afterward, appellant had a constitutional right to decide whether to maintain her pleas or seek to change them.[5] Counsel's failure to consult her regarding that issue was deficient. Appellant met her burden on the first prong and the trial court erred in concluding otherwise.

Moving to the prejudice issue, the trial court found the evidence lacking on that element as well. This too was error, as the majority correctly concludes, because the trial court applied *Strickland*'s prejudice standard when it should have applied *Miller*'s. Under *Miller*, "the correct measure of prejudice for an attorney's deficient performance that might have caused a defendant to waive a judicial proceeding is whether there is a reasonable likelihood that the defendant would have opted for the proceeding if his attorney had performed adequately." *Miller*, 548 S.W.3d at 502. Trial counsel's deficient conduct vitiated appellant's Sixth Amendment autonomy, and perhaps Due Process rights, over whether to maintain her pleas or seek to withdraw them and proceed to jury trial. Counsel's actions deprived appellant of relevant information bearing on that decision and foreclosed any choice at all, much less an informed one. The deprivation that resulted, therefore, is more severe than when counsel offers incorrect advice before acting on a client's instruction because appellant was not even aware that the potential to change a critical decision lay before her and thus did not know to give instruction. As appellant presented unrefuted evidence amounting to a reasonable likelihood

---

[5] *See Jackson*, 590 S.W.2d at 515.

that she would have instructed her counsel to file a motion to withdraw her pleas had counsel performed adequately, the prejudice prong of appellant's ineffective assistance issue is met on this record.


/s/    Kevin Jewell
Justice


Panel consists of Justices Jewell, Bourliot, and Zimmerer.  (Bourliot, J., majority).

Publish — TEX. R. APP. P. 47.2(b).